## JOSEPH DUDLEY *versus* H. G. CILLEY.

The court of common pleas ought to lay out highways for the accommoda-
tion of the public, only in cases where the public conveniency and neces-
sity renders it proper to take the lands of individuals for the purpose, and to
impose upon towns the burden of making and keeping in repair the roads.
In settling the question, whether it is proper to lay out a highway, no offer of
donations by the petitioners to aid in making the highway ought to influ-
ence the decision, nor can the payment of any sum of money by the pe-
titioners be made the condition of laying out a highway.
And when the court has adjudged that the public good requires that a road be
laid out, such a condition annexed to the laying out is void.
And a note given for any sum, the payment of which by the petitioners is
made a condition of the laying out of a highway, is without consideration
and void.

ASSUMPSIT on a note, dated January 22, 1828, by
which the defendant and J. B. jointly and severally prom-
ised the plaintiff, to pay him, or order, for the use of the
town of Raymond, $365, in thirty days, with interest.

The case was tried at August term, 1831, upon the
general issue, and a verdict taken, by consent, for the
plaintiff, subject to the opinion of the court upon the
following case.

The note, mentioned in the declaration, was given under
the following circumstances. In the year 1823, a peti-
tion for a highway, through the town of Raymond, was
presented to the court of sessions. Afterwards, that pe-
tition, with the other matters pending in the court of
sessions, was, by a statute, transferred to the court of
common pleas, where a committee was appointed to lay
out the highway. At January term of the common pleas,
1828, the committee having laid out the highway and
made a report of their doings, the report was accepted
by the court, and a record of the acceptance made as
follows :—

" And now at this term, all the parties appearing and

being fully heard, and it appearing to the court, that the public good requires that said road should be laid out, it is therefore considered by the court that the report of said committee be accepted, on the conditions following, to wit, that the petitioners pay to the town of Raymond the sum of $365, being the amount at which the damages to the owners of the land, over which said highway is to pass, are assessed, and relinquish all claim for costs against said town of Raymond. And the parties agreeing to the same, the petitioners, in court, paid to the agents of said town of Raymond, the said sum of $365, and they accepted of the same. It is considered by the court, that a highway, agreeably to the said report, be laid out in the town of Raymond, and ordered that the same be opened, &c. on or before January 1, 1829."

And the defendant and J. B. gave the said note, for the said sum of $365, mentioned in the said record of the acceptance of said report, they being two of the petitioners for the said highway.

The said petition was for a highway for the accommodation of the public.

*Bartlett*, for the plaintiff.

*E. Cutts*, for the defendant.

Richardson, C. J. delivered the opinion of the court.

The question to be decided in this case, is, whether there is any legal consideration to sustain the promise contained in the note? If there be such a consideration, the plaintiff is entitled to judgment on the verdict; but if otherwise, the verdict must be set aside, the promise being in law void.

In order to settle the question, whether there is a consideration, it becomes necessary to examine the powers and duties of the court of common pleas in laying out highways.

It must often happen, that in exercising the power to lay out highways, courts take from men their property

without their consent. But, as the constitution provides that " no part of a man's property shall be taken from him, or applied to public uses, without his own consent, or that of the representative body of the people," it is very clear, that a man's land can be taken for a highway, against his will, only on the occasions and in the manner by law prescribed.

It has been found convenient, for certain purposes, to divide highways also into classes. The first class embraces those, which are laid out for the particular accommodation of individuals ; the second, town ways, and the third, highways leading from town to town. 3 N. H. Rep. 459. Highways of the two first classes may be laid out by the selectmen of towns, when there is " an occasion for a new highway." Highways of the third class, are to be laid out by the court of common pleas, " when necessary." And highways of the two first classes, may be laid out by the common pleas, when the selectmen of towns, neglect, or refuse to lay them out.

Under what circumstances a highway may be laid out to accommodate an individual, has not been settled. It is however, supposed, that a case of strong necessity alone can furnish a proper occasion for such a highway, and justify the taking of the land of one individual against his will, for the accommodation of another individual. It is not doubted, that there may be proper occasions for laying out such ways. The common law, under certain circumstances, gives a way of necessity. Com. Dig. Chimin, D, 4 ; 1 Saund. 323, note c. ; 2 Mass. Rep. 203, *Pernam* v. *Wead* ; 14 ditto, 49, *Gayetty* v. *Bethune*.

What constitutes an occasion for laying out a highway for the accommodation of the public, is settled. In determining the question, when such an occasion exists, there are three things to be considered. 1st, The public exigency and convenience. 2d, The burthen that is

to be imposed upon the town or towns, where the road is to be laid out, in making and keeping it in repair. 3d, The rights of individuals whose lands may be taken for the purpose. And the rule is, that when the public exigency is such, that it will justify the taking of the lands of individuals without their consent for the purpose, and will also justify the imposition of the burthen upon the town of making the road and keeping it in repair, then there is an occasion for a highway. When such a case is shown, the rights of individuals must give way to the public conveniency and necessity, and the town must submit to receive the burthen.

This sound and reasonable rule is believed to be perfectly well established. 2 Pick. 547, *Commonwealth* v. *Sawin* ; 8 ditto, 218, *Parks* v. *Boston* ; 2 Johns. Ch. Rep. 162, *Gardner* v. *Newburgh* ; 7 Mass. Rep. 166—167.

It has been decided in this court, that if selectmen lay out a road, not because the public necessity and convenience require it, but for other purposes which may be injurious to individuals, they may be liable to an action, and compelled to pay the damages. 2 N. H. Rep. 199, *The Third Turnpike* v. *Champney.* And when selectmen do not proceed according to law, in laying out a highway, their doings are void. 3 Greenl. 438, *Harlow* v. *Pike.*

When it appears that a court has laid out a highway for any other cause than common convenience and necessity, the proceedings are irregular, and may be quashed. 2 Pick. 547, *Commonwealth* v. *Sawin.*

When a court has ordered a highway to be laid out, the law prescribes the mode in which the damages to individuals, by reason of the way, shall be paid, and no court has the power to change the law on this subject. The power to lay out roads is given by statute, and any order not warranted by the statute, is void. Cowper, 640, *Cripps* v. *Durden* ; 3 N. H. Rep. 268—269 ; 1 Starkie's Ev. 252.

In this case, upon a petition to the court to lay out a highway in a town, for the public accommodation, it was adjudged, that the public good required the road to be laid out. We must presume that in making this adjudication, the court paid no regard to the circumstance, that a part of the expenses of the road was to be paid by the petitioners, because it would have been highly improper, if they had so done. If the public convenience and necessity did not justify the decision, nothing could justify it. Every one knows that great numbers of people often feel themselves deeply interested in petitions for roads, and that such petitions are frequently prosecuted by a multitude with great warmth on the one side, and are opposed by a multitude with equal warmth on the other side. Now, if in such cases, the petitioners can obtain a decision in their favor, not because the public good requires it, but because they are willing, in order to gain a victory over their opponents, or to promote their own private interests, to asssume some part of the expense, then may the owners of the land be made to submit to the encumbrance, and towns be made to bear the burthen of the way, not for the sake of the public, but to gratify the pride of victory, or promote the private interests of their opponents, which is nothing more nor less, than gross oppression.

In many cases, the laying out of a highway imposes a heavy burthen upon a town, and charitable donations, made after the way is laid out, to relieve a burthen imposed for the public benefit, may be very proper. But offers of donations made while the petition is pending, are, if there were no other objection, of too suspicious a character to deserve to have any influence upon the decision. Nor has any court authority to make such donations the condition upon which a road is to be laid out.

Evidence to show what may be the probable expense to the town, what the inconvenience to individuals, and what the advantage to the public, is relevant and pro-

per, and upon such evidence alone should the question be decided.

The condition imposed by the court, in this case, on the laying out of the highway, not being warranted by law, was void; and this note having no other consideration to sustain it than that condition, is also void.

*Verdict set aside, and a new trial granted.*