## CONCORD v. BOSCAWEN.

The power of a town to raise money is confined to purposes specified by law, and does not extend to raising money to build or repair a bridge in another town.

If a town give a bond, with condition to perform an act which it has not legal power to perform, the condition and obligation are void.

If a town undertake to perform an act not within the scope of its ordinary powers and duties, upon the consideration that such an undertaking has been made the condition of laying out a road, no debt is thereby created; and the town does not derive from the undertaking the power to raise money to discharge it.

DEBT upon a bond, dated January 12, 1822. Upon oyer prayed, the condition of the bond was set out, whereupon the defendants demurred generally.

*Pierce & Fowler*, for the plaintiffs.

*Bartlett*, for the defendants.

WOODS, J. This is an action upon a bond, which it is said imports a consideration, and of which the condition is read for the benefit of the obligor, to enable him to discharge himself by showing, either that he has kept and performed it, or that its performance is excused upon sufficient grounds, and the penalty in consequence avoided. And if the condition of a bond be, to perform a covenant which is void by statute or by the common law, both the condition and the obligation are void. Com. Dig., Condition, D, 7; Bac. Abr., Condition, K.

The condition recites, in substance, that in the year 1821 the court of sessions, which by the law of February 8, 1791, had the power to lay out public highways in certain cases, laid out a road within their jurisdiction in the town of Concord, upon the condition that the town of Bos-

cawen, the defendant, should give security to maintain one half the bridge over the river Contoocook, which bridge was part of the road so laid out. To satisfy this condition, annexed to the decree of the court, the bond in suit, conditioned to maintain the bridge, was given by the defendant town to the plaintiffs, and the question raised by the demurrer is upon its legal force to bind the town.

Is the condition of this bond one that the defendants could at the time it was entered into lawfully have kept, or which that party can now lawfully keep ?

The town of Boscawen is a public municipal corporation, instituted for certain purposes of a public nature, and with powers adequate to secure the accomplishment of those purposes, but not extending further. Among these public objects is the construction and repair of such roads and bridges within the limits of its territory as are from time to time laid out by competent authority. For these and other proper objects, towns may raise money by a vote of the inhabitants, legally convened. But it is an important and well established principle of law that limits their power of raising money to objects which fall clearly within the scope of the general purposes for which these municipalities are created.

In *Dillingham* v. *Snow*, 5 Mass. 547, is recognized the doctrine that the power of raising money in towns and parishes is limited by statute to the objects expressly provided for, and such expenses as are necessarily incident.

*Bangs* v. *Snow*, 1 Mass. 187, decides that parishes have no other authority to grant moneys except for the objects specifically expressed in the acts regulating parishes in Massachusetts, and for purposes necessarily connected with those objects.

In *Stetson* v. *Kempton*, 13 Mass. 272, it was decided that towns have no authority to raise money to give additional wages to the militia, and for other purposes of defence in time of war and danger of hostile invasion. *Parker*, chief

justice, said, "The right of towns to grant or raise money so as to bind the property of the inhabitants, and to subject their persons to arrest for non-payment, is certainly derived from statute. Their corporate powers depend upon legislative charter or grant; or upon prescription, where they may have exercised the powers anciently without any particular act of incorporation." But in all cases the powers of towns are defined by the statute of 1785.

"In relation to the power of raising money, and causing it to be assessed and collected, they are restricted to the cases of providing for the poor, for schools, for the support of public worship, and other *necessary* charges. The phrase 'necessary charges,' is indeed general, but the very generality of the expression shows that it must have a reasonable limitation; for none will suppose that under this form of expression every tax would be legal which the town should choose to sanction. The proper construction of the term must be, that in addition to the money to be raised for the poor, schools, &c., towns might raise such sums as should be necessary to meet the ordinary expenses of the year, such as the payment of such municipal officers as they should be obliged to employ, the support and defence of such actions as they might be parties to, and the expenses they would incur in performing such duties as the law imposed; as the erection of powder-houses, providing ammunition, making and repairing highways and town roads, and other things of a like nature; which are necessary charges, because the effect of a legal discharge of their corporate duty."

The limits sketched in these remarks of the court, to the power of the majority over the minority, in respect to the granting of money by towns, in assigning for a strict boundary to that power, the accomplishment of the specific objects for which towns are organized, and the performance of the specific duties which the law devolves

upon them, is of the highest importance. It furnishes, moreover, a satisfactory solution of the question presented in this case.

For if the performance of the condition of the bond is not within the class of specific objects for which the town is authorized by law to raise money, the performance is not lawful or possible. These objects are in general defined by the statute of February 8, 1791 (Laws of N. H. 243), sec. 10, which was then in force. They are "the settlement, maintenance and support of the ministry, schools, meeting-houses, school-houses, the maintenance of the poor, laying out and repairing highways, building and repairing bridges, and all the necessary charges arising within said town." These necessary charges are well defined in the passage from the opinion of the learned judge which has been cited. They are charges incident to the performance of such duties as are enjoined by law, whether pertaining to the objects enumerated, or distinct and independent of them; such as the erection of pounds, the maintenance of a police in special cases, and the like. The payment of fines assessed by competent tribunals, or damages recovered or justly due to individuals for the misfeasance of the towns or their agents in respect to highways or other objects which fall within the circle of their duties, together with the consequential damages resulting from their omissions and delays, by which the property of individuals is taken to discharge executions against the towns, may be referred to for further illustration of what is intended by the "necessary charges" named in the statute.

Among the objects specified for which towns are authorized to raise money, is that of laying out and repairing highways, and building and repairing bridges. But by this is meant such highways and bridges as the towns are by law required to build and maintain; those, namely, that are laid out and established by competent authority

within their respective limits.   N. H. Laws 387, Stat. February 27, 1786.   There is neither statute nor prescription that assigns to them the duty or the power even, of passing within the limits of other towns, and of assuming the burdens which the law has imposed upon the latter, of maintaining their own highways and bridges.

The necessary conclusion is, that the town of Boscawen, having by law no power to raise money for the specific purpose of building or repairing a bridge in the town of Concord, are not bound by their undertaking to do so, unless the particular circumstances in which the undertaking was assumed shall appear to make a difference.

In *Dudley* v. *Cilley*, 5 N. H. Rep. 558, it was decided that a note given for a sum of money, the payment of which by the petitioner is made the condition of the laying out of a highway, is without consideration, and void. The same proposition was affirmed in *Dudley* v. *Butler*, 10 do. 281, and has been since recognized.

According to those decisions, therefore, so far as the undertaking of the defendants was an inducement or a condition for the laying out of the road, it was without a legal consideration, and not an undertaking which the court could lend its aid to enforce.   It created no obligation or duty on the part of the town that assumed it, and did not, on the ground of its being a lawful debt, which the town had the power of voluntarily contracting, impress upon the town a power to raise money for the purpose of discharging it.

In brief, the town had not, independently of any contract, the power to raise money for the purpose of building the bridge in question.   The contract by which they undertook to bind themselves to do so, was not founded upon such a consideration as to create a debt, and thus give the town a power to raise money.   In either view, the condition is illegal and void, and there must be

*Judgment for the defendant on the demurrer.*