## CLARK *v.* THE BOSTON, CONCORD AND MONTREAL RAILROAD.

An individual cannot have a "private way" across his own land, independent of his right to the land. He may set apart a particular place over which to pass in going from one part of his farm to another, but such a way is not an easement, and neither he nor the public have any more rights in it than in any other part of his farm.

The act of July 3, 1847, in amendment of the general railroad act of December, 1844, was intended to give a remedy for injuries and inconveniences occasioned by railroads, in altering or obstructing highways, turnpikes, bridges and private ways, and not for other damages.

Where a railroad in the course of its construction caused a cut to be made through an individual's land, dividing a road which he had made on his own land, for his private use, to pass from one part of his farm to another, and also dividing his pasture,—*held*, that these were matters that were not the subject of action by virtue of the act of July 3, 1847, but were such as must be understood to have been taken into consideration by the Commissioners in making their award.

CASE. The plaintiff founds his action on the provisions of the statute passed July 3, 1847, entitled "an act to amend an act entitled an act to render railroad corporations public in certain cases, and to constitute a board of railroad commissioners," setting them forth, and then states his claim as follows: That the defendants, in and by the construction of their railroad through the lands of the plaintiff, situate in Sanbornton, in said county, bounded, &c., have cut off and rendered entirely impassable the

plaintiff's private way, leading through his said land, and from his buildings to the southern part of his land aforesaid, and to his field and pasture therein, and have caused a great inconvenience and injury to the lands and rights of the plaintiff, by excavating and making a deep and impassable cut through the field, land and pasture of the plaintiff, so as entirely to divide therefrom and render the one part inaccessible to the other; that the plaintiff, on the 20th day of July, 1848, in writing, notified the said corporation of the existence and continuance of said inconvenience, obstruction and injury, by leaving at the last and usual place of abode of Zenas Clement, one of the directors of said corporation, the same notice; that the corporation have continued the injury, obstruction and inconvenience to the land, field, pasture and rights of the plaintiff, from the creation thereof to the date of the writ in this action, and have in no way removed the injury, obstruction and inconvenience, or repaired the rights of the plaintiff, or provided a substitute therefor, as provided in the proviso of the statute aforesaid, but have neglected the same for the space of sixty days from the date of the notice, and have hitherto, &c. The writ was dated January 27, 1849.

The parties agreed that the corporation, under their charter, located and built their road over the plaintiff's land described in his declaration, making such excavations and cuttings as were necessary for that purpose; that the corporation legally caused the plaintiff's land damages to be assessed by the railroad commissioners, in conjunction with the county commissioners, on the 3d day of August, 1847, which damages have been paid to the plaintiff, and he has discharged the corporation therefrom, but did not release his rights, as stated in this case; that the plaintiff, on July 20th, 1848, gave to Zenas Clement, one of the directors of said corporation, due notice of the existence of the injury complained of, and that the defendants have not complied with the provisions of the proviso in said statute; that there was at the time of the construction of the railroad, and for a long time prior thereto had been, a particular way over which and upon which the plaintiff had been accustomed to go from his buildings and

one part of his farm to the other, through which the defendants have made a deep cut, and that the defendant's railroad and cut divide the plaintiff's pasture. These admissions were made for the purpose of raising the question of law, and were not to be used in case the cause should be sent to trial.

If the court should be of opinion that the action could be sustained, the case was to be remanded to the common pleas for trial; otherwise, judgment to be rendered for the defendants.

*Nesmith & Pike,* for the plaintiff. The statute upon which this action is founded provides, that if any railroad corporation, in constructing and maintaining their railroad, shall for any purpose cause any inconvenience or injury to the land, buildings, or right of any person or persons, such person or persons may have and maintain an action on the case. Pamphlet Laws, chap. 486.

The road described in the case is such a road as the statute contemplates by the term private way. It means nothing less than a road for private use. Such is the general meaning of the term private way.

If the plaintiff's road, as described in the case, should not be holden to be a private way, the obstructing and rendering impassable the road of the plaintiff, such as it may be, is an injury and inconvenience to the land and rights of the plaintiff, within the meaning of the statute aforesaid. The plaintiff contends, that although his land damages have been awarded and paid, yet the damage arising from rendering his road impassable is not a question for the commissioners. They cannot deprive the plaintiff of this right. The case finds that this right was never released.

If the road which the plaintiff claims, is a private way, it was the duty of the corporation to call out the commissioners, and not having done so they are liable.

Any other injury or inconvenience than one to a highway, turnpike or bridge, is not a matter to be referred to the commissioners, under the aforesaid statute.

*Quincy,* for the defendants. The plaintiff seeks in this action

to recover for an injury to his private way by the defendants in constructing their railroad. The case finds that there was a particular way upon which the plaintiff had been accustomed to pass from his buildings on one part of his farm to the other.

The defendants contend that this is not a private way contemplated by the statute on which the action is founded. A man cannot have a right of way through his own land independent of his right to the land. *Barker* v. *Clark*, 4 N. H. Rep. 382.

The case finds that the corporation located and built their road over the plaintiff's land described in his declaration, making such excavations and cuttings as were necessary for that purpose; that the plaintiff's land damages were duly assessed and paid. And the defendants contend that it being admitted that they had built their road in a proper manner, and that the land damages were duly assessed and paid, and no appeal taken by the plaintiff, that the commissioners had awarded him compensation for all the injuries he had sustained, and that their award is final and conclusive on all the parties. *Aldrich* v. *Cheshire Railroad*, 1 Foster's Rep. 359.

EASTMAN, J. From an examination of the act of July 3, 1847, upon which this action is founded, taken in connection with the general railroad act of December 25, 1844, we think the object of the former was to provide a remedy for any injury or inconvenience that might be occasioned to an individual, by a railroad, by reason of any change made by the corporation in any highway, turnpike, bridge or private way; and also, by reason of any obstructions placed by them upon any highway, turnpike, bridge or private way. By simplifying the first part of the act, it would read thus: If any railroad corporation, in constructing or maintaining their railroad, shall cause any injury or inconvenience to a person's property by altering any highway, turnpike, bridge or private way, or by placing any obstructions upon the same, such person may maintain an action for such injury, whether the alterations be made for the purpose of constructing the railroad over, under or near such highway, turnpike, bridge or private way, or

for any other purpose.  The act cannot be understood to mean, as stated in the argument, that if the corporation, in constructing or maintaining their road, shall for any purpose cause any inconvenience or injury to the land, buildings or rights of any person, such person may maintain an action on the case therefor.  Such a construction would, in effect, abrogate the powers of the railroad commissioners in awarding to land owners the damages sustained by them, and would open every assessment by them made to a reëxamination.  This the legislature could not have contemplated. The act was probably founded upon the supposition, either that the commissioners had not the power to reach the injuries stated, or did not fully consider them.

The act is evidently confined to injuries and inconveniences connected with alterations in highways, turnpikes, bridges and private ways, and obstructions placed or thrown upon the same; and before an action can be maintained, it must appear that the plaintiff has suffered or is suffering injuries or inconveniences from such alterations or obstructions.

In this action, the injury complained of is one to the plaintiff's private way; and the first question is, was the way described in the agreed case, a private way within the meaning of the statute? A private way is one laid out by the public authorities for the accommodation of individuals, and at their expense.  But when once laid out, the easement is as public as in highways laid out for the accommodation of the public.  *Metcalf* v. *Brigham*, 3 N. H. Rep. 459.  The same formalities are required by our statute in the laying out of private ways as of public.  The only difference consists in the payment of the costs and damages. · A man cannot have a right of way through his own land, independent of his right to the land.  He may have a way through his own land at any place he may choose, and may vary it from time to time, or abandon it, as he may please, but such a way is not an easement.  It is not a private way, within the proper and legal acceptation of the term, but a mere path or cart way.  *Barker* v. *Clark*, 4 N. H. Rep. 383.  The way, then, which is described in this case, is not a private way, such as was contem-

plated by the statute, but a particular part of the plaintiff's land, over which he usually passed in going from one part of his farm to the other, and to which neither he nor the public had any more right than to all other parts of his farm. And it appears to the court that it was one of those matters which would fall peculiarly within the cognizance of the railroad commissioners, and demand their special attention in assessing the damages sustained by the plaintiff, by reason of making the railroad over his land. If the place which the plaintiff had appropriated as a passway from his buildings to the remote part of his farm, was more favorable than any other place for that purpose ; or if he had expended money in preparing it, by removing obstructions, or working it into a smooth cart path, it was certainly an injury, and perhaps a serious one, to have a deep cut made through it. It was also, in all probability, an injury to have his pasture divided. But these were matters which the commissioners could not fail to see, and which were surely damages sustained and proper to be assessed, by reason of the laying out of the railroad.

We have already decided at this term, in the case of *Dearborn* v. *The Boston, Concord and Montreal Railroad,* that the damages sustained by the owners of lands over which a railroad may pass, are to be all such as may fairly result to the land owner, by the building of the railroad in a suitable and proper manner ; not only on account of the land actually taken, but on account of the injuries to his other lands and property, and the inconveniences to which he is subjected. In the course of delivering the opinion in that case, we remarked, among other things, that the land owner is entitled, at the hands of the commissioners or the jury on appeal, to all the damages which equity and justice require ; to all which he suffers by the loss of his property and rights, and the injuries done thereto. And for any such loss or injury which results from building the road in a suitable and proper manner, the land owner can maintain no action against the corporation. The whole matter is concluded by the award of the commissioners, or the verdict of the jury on appeal; for when the legislature authorizes an act, the necessary consequence of which is to dam-

age the property of another, and at the same time prescribes the particular mode in which the damage shall be ascertained and compensated, he who does the act cannot be liable as a wrong doer. We remarked, further, that the damages awarded by the commissioners must be regarded as a full compensation for all the injury which the land owner may sustain from any cause which the commissioners were bound, or had a right to consider ; so that it can never afterwards be made a question whether in fact the commissioners have or have not considered any particular cause of damage legitimate for their consideration. It must be taken that they have done their duty in considering all such causes. To put any other construction upon their duties would, we think, be contrary to the intention of the legislature and tend to endless litigation.

In the case of *Dearborn* v. *The Boston, Concord and Montreal Railroad,* we entertained no doubt that the road were liable for the damages there claimed ; and in the present case, as there is no suggestion that the road was not made in a suitable and proper manner, we are equally clear that the defendants are not liable.

According to the provisions of the case, there must be

*Judgment for the defendants.*