Sullivan,
No. 4628.

ALBERT N. PERROTTO & a. v. CLAREMONT.

Argued March 4, 1958.
Decided April 24, 1958.

*Shulins & Duncan* and *William E. Nolin* (*Mr. Duncan* orally), for the plaintiffs.

*Robert D. Buckley,* city solicitor (by brief and orally), for the defendant.

WHEELER, J. These five petitioners are owners of new residences in a recent development located in Claremont known as "Ridgewood." The plaintiffs' houses and lots abut Hodgkins Terrace and Perrotto Avenue, being two streets of the development known as "Ridgewood Section 'A'." Roger J. and George P. Hardy originally acquired the property and thereafter laid out streets and house lots in two sections, "A" and "B". Maps and plans were

prepared and recorded in Sullivan County Registry of Deeds on June 21, 1955, and January 11, 1956.

Hodgkins Terrace and Perrotto Avenue were dedicated to the public use by the Hardys and, pursuant to petitions, were accepted as public highways by the city council of Claremont on January 4, 1956 and March 7, 1956, respectively.

At the time of the acceptance of these highways, both were graveled to a width of 33 feet and to a depth of 4 inches to meet the minimum requirements of the city for new streets. These highways, at the time of acceptance by the city, were capable of use by the general public and were thereafter opened to public travel. The plaintiffs' respective premises were purchased and thereafter occupied by them between November, 1955 and February 24, 1956. In July, 1956, the defendant laid a drainage pipe under the streets and in October of the same year commenced further work on the streets in the development, including the streets in question, which involved "leveling, grading, filling, graveling and surfacing and installation of curbing." This work continued into November and resulted in the raising of the grade of Perrotto Avenue and Hodgkins Terrace causing the alleged damage to the plaintiffs' properties.

It is the plaintiffs' contention that the work performed was "repairing" within the meaning of RSA 245:20 and that as a result of the damages occasioned by the city in raising the grade, they are entitled to damages as provided in s. 21 thereof. In the alternative, the plaintiffs argue that if the court determines that the proceedings were an original layout as provided in RSA ch. 234, the work performed by the defendant in raising the grade was nonetheless "repairing" the highway after layout and plaintiffs are entitled to damages.

The defendant claims that plaintiffs' only relief is under the provisions of RSA ch. 234, which govern the layout of new highways or altering any existing highway. It further contends that the work on the highways in question was not "repairing" but original construction of newly laid out highways and that if any damages resulted, they were waived and not claimed.

Before the enactment of what is now RSA 245:20, a landowner was without remedy for damages resulting from the raising of a highway if it appeared that the act complained of was done in a proper manner for the accommodation of public travel. *Benden* v. *Nashua*, 17 N. H. 477 (1845). This was a case of first impression

in this jurisdiction, as was *Callender* v. *Marsh,* 1 Pick. 418, 432, in Massachusetts. "Our legislature in New Hampshire, acting upon the suggestion made to the Massachusetts legislature in *Callender* v. *Marsh, supra,* or for some other good reason, passed a law to meet this very case, in June, 1848 —Laws of 1848, chap. 725 — . . . . " *Waldron* v. *Berry,* 51 N. H. 136, 143, 144. See also, *Vaughn* v. *New Durham,* 93 N. H. 81; *Keating* v. *Gilsum,* 100 N. H. 84.

The original statute (1848) did not contain the word "repairing" but provided for damages where there was "any alteration in any . . . highway, by raising or lowering the same." Laws 1848, *c.* 725. The words "in repairing" first appeared in the statutory revision of 1867, G. S., *c.* 66, *s.* 20, now RSA 245:20. The changes in the wording of this statute were verbal only and no change in meaning was intended. *Keating* v. *Gilsum, supra.*

The defendant concedes that it is to highways laid out and constructed and later altered by raising and lowering the grade that the "repair" statute (RSA 245:20) applies.

RSA 230:1 defines what constitutes highways. "Highways are only such as are laid out in the mode prescribed therefor by statute, or roads which have been constructed for public travel over land which has been conveyed to a city or town or to the state by deed of a fee or easement interest, or roads which have been dedicated to the public use and accepted by the city or town in which such roads are located, or roads which have been used as such for public travel, other than travel to and from a toll bridge or ferry, for twenty years, and shall include the bridges thereon."

Defendant contends that the highways in question were laid out in the mode prescribed in RSA ch. 234. This statute sets forth the methods by which a new highway may be laid out or alterations made to any existing highway and provides for damages to the landowner for such taking. The case before us does not involve the ordinary case of involuntary taking and assessment of damages. Here the landowners received no award for damages and the time for an appeal to the Superior Court for assessment thereof has long since expired. The Hardys and defendant elected to proceed under the provisions of RSA 230:1 and establish highways by means of dedication and acceptance thereof by the city.

Under the earlier decisions and prior to the enactment of R. S., *c.* 53, *s.* 7, a highway created by dedication of the owners to the public use and by acceptance was a legal highway. *State* v.

*Atherton,* 16 N. H. 203, and cases cited. "By the provisions of our statute, Rev. Stats. ch. 53, sec. 7, nothing short of twenty years use of a highway by the public can constitute it a public highway. No matter whether the way was dedicated to the public or held adversely, where it does not appear to have been laid out according to the provisions of the statute." *Stevens* v. *Nashua,* 46 N. H. 192, 198. To see same effect see *State* v. *Morse,* 50 N. H. 9; *Walker* v. *Manchester,* 58 N. H. 438; *Currier* v. *Davis,* 68 N. H. 596; *Harrington* v. *Manchester,* 76 N. H. 347.

Chapter 188, Pt. I, *s.* 1, Laws 1945, amended the existing statute defining highways by adding the provision "or roads which have been dedicated to the public use and accepted by the city or town in which such roads are located." Under the present statute (RSA 230:1), dedication and acceptance by the proper authority is sufficient. This procedure was followed in this case and Perrotto Avenue and Hodgkins Terrace became public highways upon acceptance.

Prior to acceptance, the Hardys had constructed these highways at their own expense to meet the minimum requirements of the city. The plaintiffs purchased their homes before the acceptance and were not forewarned by any conditions attached to the acceptance by the city that any changes in grade were contemplated in the future. It was not until some seven months after the acceptance by the city that the grade was changed which resulted in the damages claimed by the plaintiffs. These changes constituted "repairing" of the highways within the meaning of RSA 245:20 and the plaintiffs are entitled to relief thereunder. 2 Nichols, Eminent Domain (3rd *ed.*) *p.* 384, *s.* 6.4441 [9].

*Remanded.*

All concurred.