Belknap
No. 7090

LOCKE DEVELOPMENT CORPORATION

v.

TOWN OF BARNSTEAD

November 28, 1975

*Frederic T. Greenhalge,* by brief and orally, for the plaintiff.

*McManus & Johnson (Mr. Anthony A. McManus* orally) for the defendant.

LAMPRON, J. Petition by the plaintiff to the superior court under RSA 234:28 for laying out as class V highways several existing roads located at Locke Lake Colony in Barnstead. The selectmen failed to act on a similar petition dated January 17, 1972, filed with them under RSA 234:1 (Supp. 1973). The voters of Barnstead at the town meeting of March 11, 1972, defeated a warrant article which would have authorized such a petition to the selectmen to lay out these roads as highways. The present petition

was referred under RSA 234:31 to the county commissioners who took a view and held hearings on May 24 and June 1, 1973.

The commissioners filed an initial report which was objected to by the town. After a hearing the Court *(Keller,* C.J.) recommitted the matter to the commissioners for further findings. The amended report was approved by the court and a judgment entered in accordance with its recommendations. Defendant's exceptions thereto were reserved and transferred. The main issue to be decided is whether the judgment entered by the court in accordance with the recommendations of the commissioners in their reports that the roads described in plaintiff's petition, as amended, be laid out subject to certain provisos contained in the first report was properly entered. We hold that it was for the reasons hereinafter stated.

A laying out or locating and defining the limits of a road in the manner prescribed by statute is a proper method of creating a public highway. RSA 230:1 (Supp. 1973). This laying out is not limited to the creation of a new road but includes also the making into public highways private roads already in existence. *Amoskeag Industries v. Manchester,* 93 N.H. 335, 41 A.2d 917 (1945). The layout must be undertaken upon a petition to the selectmen of the town as correctly contended by the defendant. *Hoban v. Bucklin,* 88 N.H. 73, 78, 184 A. 362, 365 (1936). Such a petition was filed by the plaintiff identifying the roads to be laid out as public highways. It was introduced as an exhibit in the present proceeding.

Among the factors to be considered by the selectmen, or the commissioners in this case, in arriving at their decision are the public need for the highway and the burden the highway will impose on the town. *Amoskeag Industries v. Manchester supra.* The following facts are encompassed in the agreement of the parties and the findings of the commissioners which are supported by the evidence. The plaintiff's development contains 1,216 lots. Two hundred ninety-one houses have been built or are in the process of being built. About twenty-nine children from this development attend the town schools. About twenty-five or twenty-eight of the owners are year-round residents. For the year 1972, approximately $143,729.40 of the total town tax of $344,594 was generated by the Locke project or about forty-one percent of the tax revenue. There was conflicting testimony as to the present conditions of the nineteen or twenty roads in the project sought to be laid out as highways. The testimony also varied as to the standards

to be met and the cost of bringing these roads to comply therewith. There was evidence as to the adequacy or the need of fire and police protection as well as school bus transportation, and the need of highways for public convenience. The plaintiffs waived all damages pertaining to the layout.

The commissioners viewed the proposed highways which may have furnished a vital part of the evidence. *Tracy v. Surry,* 101 N.H. 438, 440, 146 A.2d 268, 270 (1958). Furthermore the resolution of the conflicts in the testimony and the weight to be given to the evidence presented were matters for the sole determination of the commissioners in the absence of fraud or gross mistake. *Id.* No fraud is alleged. Hence the judgment must be sustained unless considering the record as a whole we must say that the commissioners made a gross mistake in reaching the conclusion that a public need or occasion for the ways existed. *Waisman v. Manchester,* 96 N.H. 50, 55, 69 A.2d 871, 874 (1949).

In balancing the public need and convenience for the ways and the burdens to be imposed on the town thereby, the commissioners placed the following conditions on the plaintiffs. "[It] shall comply with all requests of the Secondary Roads Engineer for the New Hampshire Department of Highways ... in accordance with ... [his] testimony before the Commissioners, and the cost of same shall be borne by Locke Development Corporation; provided, however, that ... [Locke] shall not be required to provide or install any asphalt surface." As previously stated, Locke waived all damages. We cannot say on the record that the commissioners could not conclude that there was the necessity or occasion for the laying out of these highways. *See Waisman v. Manchester supra.* Thus the essential elements in determining the occasion for these highways were considered by the commissioners and their conclusion that the layouts should be made was warranted and is upheld as no gross mistake appears.

Dedication of the roads to public use by the owner and their acceptance by the town is another recognized way of creating highways. RSA 230:1 (Supp. 1973); *Perrotto v. Claremont,* 101 N.H. 267, 140 A.2d 576 (1958). The commissioners were to pass on a petition for a layout of these roads under RSA 234:28 and so stated in answer to an inquiry to that effect by the court when their initial report was sent back. The fact that they also stated that it was also an "acceptance" does not in our opinion vitiate their action in laying out these highways. Nor does the fact that plaintiffs endeavored previously to dedicate and have accepted by the

town part of these roads affect the commissioners' layout on petition to the superior court under RSA 234:28 after the selectmen failed to act on plaintiff's petition to them under RSA 234:1 (Supp. 1973) for a layout of these roads as public highways.

*Defendant's exceptions overruled; remanded.*

DUNCAN, J., did not sit; the others concurred.