Merrimack
No. 78-018

MORTON S. GROSSMAN,
TRUSTEE OF FIRST NEW HAMPSHIRE LAND TRUST

v.

TOWN OF DUNBARTON

July 18, 1978

*Gallagher, Callahan & Gartrell,* of Concord (*Donald E. Gartrell* orally), for the plaintiff.

*Hall, Morse, Gallagher & Anderson,* of Concord (*William S. Hall* orally), for the defendant.

LAMPRON, C.J. This is an appeal from the Dunbarton selectmen's denial of a petition to lay out a highway. RSA ch. 234. The plaintiff appealed the decision of the selectmen to the superior court under RSA 234:28. The case was submitted to that court upon an agreed statement of facts with exhibits and memoranda of law. The Court (*Perkins,* J.) dismissed the appeal. The plaintiff's exceptions to various findings of fact and rulings of law were reserved and transferred. We affirm the dismissal of the appeal.

The agreed statement of facts shows that the plaintiff, in his capacity as trustee of the First New Hampshire Land Trust, holds title to two adjacent parcels of land in Dunbarton. The two parcels, taken together, comprise 164.4 acres. The plaintiff's land is separated from State Route 13 by a parcel of land owned by another person. The nearest public highway to plaintiff's land is Powell Lane, which runs from Route 13 into the parcel of land that adjoins plaintiff's land, and stops several hundred feet before it reaches plaintiff's boundary line. Plaintiff alleges that no access to the property exists over any currently maintained public highway, private easement, or right-of-way. Defendant maintains in its brief, however, that there is a "clear possibility of alternate access via Whipple Road."

Powell Lane, as originally laid out by the town in 1769, abutted the westerly side of plaintiff's land for a distance of 1,320 feet. However, at the 1876 town meeting a vote was taken to discontinue a portion of that highway. The vote was recorded as follows:

> Voted. That the Road leading from near William N. Fuller's to Benjamin Perley's be discontinued as a Public

Highway but that the owners of land on said line of Road shall be entitled to the same privileges and conveniences as heretofore and that said Road shall be a Private way and so designated.

Included in the portion of Powell Lane discontinued by the vote was that portion which had abutted plaintiff's land. The town reports for the period of March 1876 to March 1878 do not indicate that any payments were made to plaintiff's predecessors in title or to anyone else in connection with the vote to discontinue the highway.

The first issue plaintiff presents in his attempt to have a public highway abut his property is whether the 1876 town vote validly discontinued that portion of Powell Lane. Plaintiff argues that the vote did not because (1) the language of the vote indicates the voters did not intend to discontinue the highway, and (2) the voters never compensated the landowners. We disagree.

The towns of this State have possessed the power to lay out highways and to discontinue highways since before the laws were first compiled. *See* R.S. ch. 49, 54 (1842). At the time of the events of this case, the towns had the power to lay out public highways, private ways, and private ways subject to gates and bars. G.S. 61:1, :12 (1867). The difference between public highways and private ways is that a private way was laid out for the accommodation of an individual and at that person's expense. However, once the highway was laid out, it was as public as highways that were laid out for the accommodation of the public. *Clark v. Boston, Concord and Montreal R.R.*, 24 N.H. 114, 118 (1851); *Metcalf v. Bingham*, 3 N.H. 459, 462 (1826).

The alternatives a town had in discontinuing a highway were not as extensive. The applicable statute in 1876 was G.S. 65:1 (1867), which simply states, "[h]ighways in a town may be discontinued by vote of the town. . . ." There is no provision in G.S. ch. 65 (1867) for a town to lower the status of an open public highway to anything other than a totally discontinued highway. In fact, it was not until 1903 that towns were given the power to discontinue an open highway and make it subject to gates and bars. Laws 1903, ch. 14.

The plaintiff asks this court to fulfill the town's intention that the abutters along Powell Lane not be deprived of their access over the highway. If we were to do this, however, we would be rewriting the statute as it existed in 1876. The town clearly meant to discontinue a section of Powell Lane as a public highway and turn it into some type of private easement to be used only by the abutting

landowners. However, the nature of the highway cannot depend upon the intent of the town, but must be determined by the statute, for it is the statute that gives the town the authority to discontinue the highway. *Metcalf v. Bingham*, 3 N.H. 459, 464 (1826). The intent of the town cannot alter the legislature's intent to allow a town only to discontinue totally a public highway. We hold that because the town obviously intended to discontinue the highway, the attempt to make Powell Lane other than a fully discontinued highway is ineffective, and the town's vote totally discontinued the highway. *See The Cheshire Turnpike v. Stevens*, 10 N.H. 133 (1839).

 The plaintiff also contends that the road was not discontinued because the town never compensated the landowners abutting the highway for the deprivation of access to their lands. Plaintiff is correct in his statement of the law that abutting landowners were entitled to compensation. G.S. ch. 65 (1867). However, the vote of the town operated by itself to discontinue the highway, and any landowners that were damaged by the discontinuance possessed a proper remedy of "petition . . . to the supreme court" to obtain compensation for their damages. G.S. 65:4 (1867). "The failure of the town to award damages did not operate to prevent a discontinuance." *Thompson v. Major*, 58 N.H. 242, 244 (1878).

The second issue plaintiff raises is whether the board of selectmen illegally refused to lay out the discontinued portion of Powell Lane. The plaintiff, in effect, is claiming that the selectmen should have laid out the highway because "[t]here appears no reason why the Board should not have found occasion for the requested highway." The superior court refused to modify the decision of the selectmen, and properly stated in its order that "[t]he Court is not free to simply substitute its judgment for the judgment of the selectmen in this matter. . . . There has been no showing, other than the claim of the plaintiff, that the selectmen acted in anything but a proper manner." *See Tracy v. Surry*, 101 N.H. 438, 440, 146 A.2d 268, 270 (1958). We agree with the lower court.

RSA ch. 234 provides the procedure for challenging the selectmen's decision not to lay out a highway. RSA 234:28 allows the aggrieved person to file a petition in superior court for the laying out of the highway, and RSA 234:31 provides that if no sufficient objection is filed the court shall refer the petition to the county commissioners. The commissioners shall examine the route, hear the parties that are interested, and have the same powers as selectmen in such a case. RSA 234:38. *See L & L Portsmouth Theatres, Inc. v. City of Portsmouth*, 117 N.H. 347, 373 A.2d 352 (1977).

■ In arriving at their decision, the commissioners must consider the same factors that the selectmen are required to consider, i.e., the public need for the highway, the burden the highway will impose on the town, *Locke Dev. Corp. v. Barnstead*, 115 N.H. 642, 643, 349 A.2d 598, 599 (1975), and the rights of affected landowners. *Waisman v. Manchester*, 96 N.H. 50, 53, 69 A.2d 871, 873 (1949). The commissioners shall file a report in the court, RSA 234:43, and the court will hold a hearing, RSA 234:49, after which it will either recommit the report or accept it and render judgment thereon. RSA 234:49. In no case shall there be any inquiry into the findings of the commissioners concerning whether the highway should be laid out "in absence of fraud or gross mistake." RSA 234:39; *Locke Dev. Corp. v. Barnstead*, 115 N.H. at 644, 349 A.2d at 600.

■ However, the plaintiff, by motion granted by the court, waived the above statutory method provided for reviewing the action of the selectmen in refusing to lay out the requested highway. *See* RSA 234:31. Furthermore plaintiff in his petition makes no allegation that the decision of the selectmen was motivated by fraud or was the result of a gross mistake. *See* RSA 234:39; *Waisman v. Manchester*, 96 N.H. 50, 69 A.2d 871 (1949). The only other avenue of relief would have required the court to substitute its judgment for that of the selectmen. This would be contrary to the provisions of RSA ch. 234 and the prior decisions of this court.

*Exceptions overruled.*

BROCK, J., did not sit; the others concurred.