Merrimack
No. 2010-719

RUSSELL FOREST MANAGEMENT, LLC

v.

TOWN OF HENNIKER

Argued: May 5, 2011
Opinion Issued: June 15, 2011

*Lane & Bentley, P.C.*, of Keene (*Howard B. Lane, Jr.* on the brief and orally), for the plaintiff.

*Upton & Hatfield, LLP*, of Concord (*Barton L. Mayer* on the brief and orally), for the defendant.

DALIANIS, C.J. The plaintiff, Russell Forest Management, LLC, appeals the order of the Superior Court (*McNamara*, J.) upholding the decision of the zoning board of adjustment (ZBA) of the defendant, Town of Henniker (Town), that a public highway did not become a private road after it was discontinued by a Town vote. We affirm.

The record reveals the following facts. Bowers Road in Henniker was originally laid out as a public highway in 1797. At a Town meeting in 1895, the Town voted to discontinue Bowers Road.

Timothy Hanson purchased a parcel of land (the property) in Henniker in 2002. Bowers Road, which runs over a neighboring property, provides the only access to the property. Because the neighboring property owners disputed Hanson's use of Bowers Road to access the property, Hanson brought suit in superior court seeking clarification of his rights. The trial court concluded that Hanson had a "right of way in [Bowers Road] to access his property" and a "prescriptive easement over Bowers Road to access his property."

Hanson sold the property to Cersosimo Industries, Inc., in 2008. In 2009, Cersosimo sold the property to the plaintiff, which applied to the Town for a building permit to construct a single-family home.

Following a public hearing on the plaintiff's building permit application, the board of selectmen rejected it based upon "the provisions of RSA 674:41, III, as cited by our town counsel in previous correspondence." *See* RSA 674:41, III (2008). The letter from Town counsel stated: "The discontinued [highway] does not satisfy any of the enumerated criteria as set forth in [RSA 674:41, I(a)-(e)]. Rather, it is a private right-of-way accessing a Class VI highway. [The plaintiff's] property does not have frontage, but rather a right-of-way." *See* RSA 674:41, I (2008).

The plaintiff appealed to the ZBA, which upheld the selectmen's decision. In doing so, the ZBA stated that it "found no error in the Selectmen's decision because this lot has no road frontage and is accessible only by private easement." The superior court upheld the ZBA's decision, and this appeal followed.

Our review in zoning cases is limited. *Harrington v. Town of Warner*, 152 N.H. 74, 77 (2005). Factual findings of the ZBA are deemed *prima facie* lawful and reasonable and will not be set aside by the superior court absent errors of law, unless the court is persuaded by a balance of probabilities on the evidence before it that the ZBA decision is unreasonable. *Id.; see* RSA 677:6 (2008). We will uphold the superior court's decision unless the evidence does not support it or it is legally erroneous. *Harrington*, 152 N.H. at 77.

Pursuant to RSA 674:41, I, a building permit shall not be issued "unless the street giving access to the lot upon which such building is proposed to be placed" meets one of the requirements enumerated in subparagraphs (a)-(e), one of which is that the street giving access to the lot is a "private road," provided that, as in this case, the local governing body allows buildings to be built on such roads. RSA 674:41, I(d). The plaintiff asserts only that the discontinued highway in this case is a "private road." Accordingly, we need not consider the other subparagraphs.

*Grossman v. Town of Dunbarton*, 118 N.H. 519 (1978), controls this case. In *Grossman*, a town voted in 1876 to discontinue a portion of a public highway. *Id.* at 520-21. The vote was recorded as:

> Voted. That the Road leading from near William N. Fuller's to Benjamin Perley's be discontinued as a Public Highway but that the owners of land on said line of Road shall be entitled to the same privileges and conveniences as heretofore and that said Road shall be a Private way and so designated.

*Id.* (quotation omitted). We concluded, however, that the town's vote did not convert the discontinued highway into a private way. *Id.* at 522.

We observed that at the time the road in *Grossman* was discontinued, towns had the authority to lay out public highways, private ways and private ways subject to gates and bars; however, "[t]he alternatives a town had in discontinuing a highway were not as extensive." *Id.* The applicable statute in 1876 stated: "Highways in a town may be discontinued by vote of the town . . . ." GS 65:1 (1867). There was no provision in GS chapter 65 for a town to change the status of an open public highway to anything other than a totally discontinued highway. *Grossman*, 118 N.H. at 521. Accordingly, we held that the town's attempt to convert the highway into anything other than "a fully discontinued highway [was] ineffective, and the town's vote totally discontinued the highway." *Id.*

■ The instant case is governed by GL 71:1 (1878), which was in effect in 1895 when the Town voted to discontinue Bowers Road. GL 71:1 is identical to the statute in effect in *Grossman*, and, therefore, the Town was permitted only to totally discontinue Bowers Road, a public highway. *See id.* The Town could not have made Bowers Road a private road when it was discontinued, and there is no evidence in the record of a later attempt to change its discontinued status, *see* RSA 231:22 (2009) (owner with no access to land by public highway may petition selectmen to layout, subject to bars and gates, a highway where previously discontinued highway was located). Therefore, we cannot conclude that Bowers Road is a private road.

■ Because the trial court's determination that the plaintiff has an easement over Bowers Road is not before us on appeal, we assume without deciding that it is correct. However, an easement qualifies as a "street giving access to a lot" only if it meets one of the criteria set forth in RSA 674:41, I(a)-(e). *See* RSA 674:41, III. Because Bowers Road is not a private road, it does not meet the requirements of RSA 674:41, I(d). The plaintiff does not argue that any other provision of the statute applies; therefore, the ZBA lawfully denied the building permit application. *See* RSA 674:41, I, III. Accordingly, we affirm the trial court's decision upholding the ZBA's denial of the plaintiff's building permit application.

*Affirmed.*

DUGGAN, HICKS, CONBOY and LYNN, JJ., concurred.