## CAMPTON'S PETITION.

The consent of the Supreme Judicial Court to the discontinuance of highways by towns, is necessary in all cases, except where the highway was laid out by the selectmen; and the exception does not include highways existing by prescription, it not being made to appear that they were laid out by the selectmen.

IN this case the town of Campton petitioned for leave to discontinue a highway existing by prescription. . For the purpose of determining the law, the court ordered the petition to be dismissed, and, upon the exception of the town, the questions were reserved for the determination of the whole court.

*Quincy & Burrows*, for Campton.

*Pike & Barnard*, and *Leverett & Blair*, for the remonstrants.

BELLOWS, J. Twenty years' uninterrupted use of a highway is competent evidence from which a jury may find a road legally established. *Pritchard* v. *Atkinson*, 4 N. H. 9 ; *Barber* v. *Clark*, 4 N. H. 380 ; *State* v. *New-Boston*, 11 N. H. 408, 413 ; *Greely* v. *Quimby*, 22 N. H. 338 ; *State* v. *Nudd*, 23 N. H. 335–9 ; *State* v. *Boscawen*, 32 N. H. 331 ; Ang. on Highways, secs. 131–2. In analogy to other presumptions arising from lapse of time, adverse occupation, and the like, it may well be held that such user is evidence that the highway at some former period was duly laid out, and established by competent authority. Such seems to be the view of the court in *Greely* v. *Quimby*, 22 N. H. 333 ; and so is *Reed* v. *Northfield*, 13 Pick. 98 ; *Commonwealth* v. *Belding*, 13 Met. 11 ; *State* v. *Bigelow*, 34 Me. 245 ; *Colden* v. *Thurbur*, 2 Johns. 424. At least, such highway may be regarded as legally established, and like other highways a charge upon the town for repairs, and making it liable for injuries caused by defects. It becomes, indeed, a public highway as much as if its existence were proved by the record of a legal laying out, and it is so regarded by the statute. Comp. Stat. 144, sec. 7.

By chapter 58 of the Compiled Statutes, towns, with the consent of the Court of Common Pleas, are empowered to "discontinue any highway" in their respective limits ; and we see no reason for restricting this power to highways which may be shown by the record to have been legally laid out. In terms, the provision is broad enough to embrace all public highways, however established, and all come equally within the object designed to be accomplished, which is, to enable the towns to get rid of the burden of maintaining highways, which by change of circumstances are no longer needed. At common law, roads and bridges were established in some instances by act of parliament, but to a great extent by dedication. *State* v. *Campton*, 2 N. H. 513 ; *State* v. *New-Boston*, 11 N. H. 407. But however established, they were alike the king's highways ;

and there is, as we conceive, no reason for holding that the term in our statute authorizing towns to discontinue any highway does not extend to highways proved by long user, prescription, or dedication. If it were otherwise, it might lead to the absurdity of holding, that to entitle a town to discontinue a highway which it was legally bound to maintain, it must be shown by the record that it had been duly laid out, and that the proceedings were regular.

By chapter 58 of the Compiled Statutes, towns cannot discontinue highways without the assent of the Court of Common Pleas, unless in cases where the highways were laid out by selectmen. As the case before us is not brought within the exception, the assent of the court may well be regarded as necessary; and the exceptions are, therefore, sustained, and the order to dismiss the petition must be overruled.