THOMPSON *v.* MAJOR.

The record of the laying out of a highway by the selectmen in 1760, though containing no statement of notice or award of damages to land-owners, is evidence of the legal laying out of a highway.

A highway, laid out by the selectmen of a town which is subsequently divided so that the whole of the highway falls within the new town, may be discontinued by a vote of that town in the same manner as if laid out by its selectmen.

A highway laid out by the selectmen of a town may be discontinued by a vote of the town without an award of damages.

A highway is not discontinued by abandonment or disuse by the public for a period of twenty years.

A line run by a surveyor by agreement, and under the direction of adjoining land-owners, is evidence of the establishment of a division line by such owners.

A deed, describing a line by a highway and by land of another, will include in the described premises the soil of the highway, if the land of another is bounded on the opposite line of the highway.

TRESPASS, *quare clausum.* The close is a lane in Derry, about forty rods long and two rods wide, and the plaintiff claimed title to the whole, and that the dividing line between his land and the defendant's was the east line of the lane. The defendant claimed title to the east half of the lane ; that the lane was a private way by prescription, appurtenant to his land ; and that it was a public highway by prescription.

The plaintiff claimed that the close had been a highway laid out by the selectmen of Londonderry in 1760, and discontinued by Derry, once part of Londonderry, in 1865. The defendant claimed a highway by prescription, discontinued by abandonment since 1815, and a private way since acquired by prescription. The record of the laying out of a highway over the close by the selectmen of Londonderry, in 1760, was read in evidence, and the defendant excepted. The record did not show notice to the land-owners, or that damages were awarded. The highway was wholly in that part of Londonderry that afterwards became Derry. The record of a vote of the town of Derry, discontinuing the highway March 14, 1865, was read in evidence, subject to the defendant's exception. The record showed no vote of damages to land-owners for the discontinuance. The question, whether the highway had been discontinued by disuse and abandonment for more than twenty years prior to the alleged trespasses, so that a private way, appurtenant to the defendant's land, might have been acquired by prescription, was reserved.

The plaintiff's deed bounded his land on the east by land of the heirs of Moses Hoitt. The Hoitt farm is the defendant's. Prior deeds in the plaintiff's chain of title described the east line as " beginning at the highway opposite to the north end of John and Peter Cochran's land, thence N. 26° W. by the highway and by land of Capt. Rogers, 360 rods, to a stake and stone." The defendant claimed that by these deeds the plaintiff acquired no title to the

east half of the lane, and excepted to the refusal of the court to so instruct the jury.

The defendant introduced evidence that a surveyor, by the agreement of former owners of the lands, ran the division line in the middle of the lane, and that an owner of the Hoitt farm pointed out to the defendant a stake in the same line as a bound in the division line, and the plaintiff excepted. Verdict for the plaintiff. Motion by the defendant for a new trial.

*Marston* and *Stickney*, for the plaintiff.

*Hatch* and *Bartlett*, for the defendant.

ALLEN, J. The record of the laying out of the highway in 1760 was evidence of the facts recited in it—1 Greenl. Ev., *ss.* 484, 493 ; *Seavey* v. *Seavey*, 37 N. H. 125, 132—and evidence of the legal laying out of a highway. *State* v. *Richmond*, 26 N. H. 232, 246 ; *Wiley* v. *Portsmouth*, 35 N. H. 303, 309, 310 ; *Hayward* v. *Bath*, 38 N. H. 179, 187.

The highway was laid out by the selectmen of Londonderry, and being in that part of the town which, by division, became Derry, stood on the same ground, after the division, as if laid out by the selectmen of Derry. The lawful acts of the selectmen of Londonderry upon and affecting the territory which became Derry, for all legal purposes, were the same as if done by the selectmen of the new town. The highway was in Derry, was laid out by the selectmen, and might be discontinued by a vote of the town. Gent. St., *c.* 65, *ss.* 1, 2.

The vote of the town was a discontinuance of the highway. Damages to land-owners, resulting from a discontinuance of a highway by vote of the town, are adjusted by the court on petition for that purpose, and the town has no power to act in the premises. Gen. St., *c.* 65, *s.* 4. The failure of the town to award damages did not operate to prevent a discontinuance.

An abandonment of the use of a highway by the public does not alone result in a loss of the public right to use it, nor in a discontinuance of the highway. An adverse user for twenty years, originating without right, will not bar the rights of the public. The public can lose no rights in its establishments by non-user, and individuals can acquire no title in them by prescription. *Nullum tempus occurrit regi.* *State* v. *Franklin Falls Co.*, 49 N. H. 240. The highway was not discontinued by abandonment, but by vote of Derry in 1865, and no private way could have been acquired by prescription.

The evidence that a surveyor, employed by former owners of the parties' lands, ran the division line in the middle of the lane, and that a former possessor of the defendant's title pointed out to him a stake in the middle of the north end of the lane as a bound in the division line, was admissible on the question of where the dividing line was. *Sawyer* v. *Fellows*, 6 N. H. 107 ; *Eaton* v. *Rice*, 8 N. H. 378 ; *Dudley* v. *Elkins*, 39 N. H. 78.

The description, in the plaintiff's title deeds, of a line running by the highway and by land of another, indicates an intention to make the line of the adjoining owner's land the boundary line in that direction, and where that line was was submitted to the jury. The deeds were evidence on the question, and there was no error in refusing to instruct the jury that the plaintiff acquired by his deeds no title to the east half of the close.

*Exceptions overruled.*

DOE, C. J., did not sit.