## STATE *v.* VALE MILLS.

Admissibility of ancient records, and of reputation as to location of
boundary affirmed.

A declaration in a petition for a highway, signed by the defendant's
grantor, as to the location of a disputed boundary of another highway,
is admissible on the trial of an indictment for obstructing the last men-
tioned highway.

INDICTMENT for obstructing Main street, in Nashua, by erecting
a porch and fences and setting trees in front of the Vale Mills.
The defendants claimed that the alleged obstructions were upon
their own land, and not within the limits of the highway. The
place of the alleged obstructions is on the westerly side of the
street, between Salmon brook and the Nashua river, within the
limits of the old town of Dunstable. To show the location and
boundaries of the highway, the state, subject to exception, intro-
duced from the records and files of the town of Dunstable, preserved
in the office of the city clerk of Nashua, a record of the original
laying out of the highway by the selectmen of Dunstable, and a
vote of the town that the laying out be accepted and recorded. The
objection was, that it did not appear that there was any petition or
other application to the selectmen for the laying out of the high-
way. Subject to exception, the state introduced from the files of
the town of Dunstable, labelled "Sundry papers from 1801 to 1806,"
what purported to be an original paper containing the laying out
of a road from Salmon brook to the road that leads to Merrimack,
&c. The objection was, that it did not appear that the paper was
recorded, and that the original paper was not competent.

Several other exceptions taken by the defendants to the admis-
sion of extracts from the records of Dunstable, which stand on sub-
stantially the same ground as those above, are omitted.

Subject to exception, old men, who lived in the vicinity of the
highway fifty years ago and upwards, were allowed to state where
the west line of the road in dispute was reputed to be when they
were young men.

Against the defendants' objection, the state was allowed to read
from the record of the laying out of Salmon street in Nashua, in
1854, on the petition of Thomas W. Gillis and others, in which the
highway petitioned for is described as beginning at a point on the
east side of Main street, near the north end of the bridge across
Salmon brook. Thomas W. Gillis was at the time the owner and
occupant of the Vale Mills property, now occupied by the defend-
ants. The jury returned a verdict of guilty, which the defendants
move to set aside for the above reasons.

*Wallace, Barnes,* and *Foster,* for the state.

*French, Stevens,* and *Burns,* for the defendants.

STANLEY, J.   The first three exceptions stand on the same ground.   The evidence objected to was taken from ancient records, and was competent to be considered by the jury on the question of the laying out of Main street.   *Prichard* v. *Atkinson,* 3 N. H. 335, 338; *State* v. *Alstead,* 18 N. H. 59; *Willey* v. *Portsmouth,* 35 N. H. 303, 309, 310; *Hayward* v. *Bath,* 38 N. H. 179, 187; *Thompson* v. *Major,* 58 N. H. 242, 244; *Plummer* v. *Ossipee,* 59 N. H. 56; 1 Greenl. Evid., *ss.* 139, 483, 493, 496, 497, 501.

The location of the west line of the street, in dispute, was a matter of public and general interest, and the evidence of reputation, to which objection was made, was competent.   1 Greenl. Evid., *ss.* 128–131.

The portion of the record of the laying out of Salmon street read was competent, as a declaration of a former owner on the question of boundary.   The petition described the point of beginning of Salmon steet.   It was signed by Gillis, under whom the defendants claim, and was in legal effect his declaration as to the location of the east side of the street in dispute.   *Smith* v. *Powers,* 15 N. H. 546; *Smith* v. *Knight,* 20 N. H. 9; *Hurlburt* v. *Wheeler,* 40 N. H. 73; *Prescott* v. *Hayes,* 43 N. H. 596.

The defendants make no argument and cite no authority in support of their exceptions.

*Judgment on the verdict.*

CLARK, J., did not sit: the others concurred.