Hillsborough,
March 3, 1942. $\Big\}$ No. 3312.

### WINDHAM *v.* ALDERIC JUBINVILLE.

*Thomas J. Leonard* (by brief and orally), for the plaintiff.

*John D. Warren* and *James F. O'Hare,* for the defendant.

BURQUE, J.   There is ample evidence to sustain the court's findings, ruling, and decree.   In the absence of a brief for the defendant it is impossible to know what the defendant relies upon for his appeal, except such as we find in the record in his argument to the Superior Court.

It appears the right of way in question was used freely, continuously, and uninterruptedly, under a claim of right, by the public, for a period of over twenty years prior to defendant's acquisition of title to his property.   It was originally known as "The Old County Road."   It was a well-defined road, used among other purposes for teaming and hauling wood and lumber.   It was known as a wood road; also as a "short cut" from one main road to another, and used as such.   It can be found it was also used at one time in connection with the operation of a brickyard, a blacksmith shop, and by property owners as indicated by old cellar holes along the road.   It can properly be described as a public way.   Though never laid out, it can be found it was repaired at one time, presumably by the town, and after the hurricane of 1938 both the towns of Windham and Pelham, through their respective WPA agencies, went in and cleared the road of débris.   Though it appears part of it was obstructed by gates and bars during the pasturing season, people went through there just the same.   The road was used more in the winter than in the summer, and the bars were not up in winter.   No one ever objected to the use of the way until defendant did so in 1939 after the town of Windham sold a lot to Mitchell.

A highway may be established by prescription when it appears the public has used it continuously and uninterruptedly for a period of twenty years, P. L., c. 74, s. 1; and when used as we have seen, and under a claim of right such as witnesses testify to in this case, these "facts, when found, give rise to a conclusive presumption that the highway has at some previous time been established pursuant to law by the proper authority."   *Wason* v. *Nashua,* 85 N. H. 192, 198, and cases cited.   *Gowen* v. *Swain,* 90 N. H. 383, 386, and cases cited.

A public right once acquired cannot be lost to an individual by adverse use. *Harrington* v. *Manchester*, 76 N. H. 347, 351; *New England Box Co.* v. *Wood*, 81 N. H. 124, 128, and cases cited. Though defendant may have attempted to bar the way, after the town and the public had acquired a right of way for over twenty years previous thereto, his effort is unavailing. P. L., *c.* 92, *s.* 7; *State* v. *Company*, 49 N. H. 240, 254; *State* v. *Hutchins*, 79 N. H. 132, 139. Nor does the fact that bars were up part of the time affect the result reached. P. L., *c.* 74, *s.* 15.

The finding of the court implies a subsidiary finding that the gates and bars put up, if for twenty years or more, were designed to regulate the use and not to interrupt it.

The findings, ruling, and decree of the court are sustained.

*Decree affirmed.*

All concurred.