Hillsborough,
No. 5352.

### Joseph P. Whelton & a. v. State.

Argued June 1, 1965.
Decided June 30, 1965.

*Keeley* & *Whelton* (*Mr. Charles F. Keeley* orally), for the plaintiffs.

*William Maynard*, Attorney General and *R. Peter Shapiro*, Assistant Attorney General (*Mr. Shapiro* orally), for the defendant.

WHEELER, J. This case is an appeal from the decision of a highway layout commission under the provisions of RSA 233:17. On October 2, 1964 the State took by eminent domain a portion of the plaintiffs' property located in Nashua. A tender of $1,000 was made which was refused and the plaintiffs appealed to the Superior Court.

The plaintiffs requested that the damages be assessed by the Court. The State in its answer to the plaintiffs' appeal petition admitted all the allegations therein except the contention that the amount awarded for the taking was grossly unfair and requested that damages be assessed by the jury.

The plaintiffs' motion that damages be assessed by the Court was denied and their exceptions were reserved and transferred by *Griffith*, J.

The pertinent statute (RSA 233:17) providing for an appeal by a landowner "aggrieved" by the decision of a layout commission provides in part: "Any owner of land or other property who has not accepted payment of the sum tendered and who is aggrieved by the decision of the commission in the assessment of damages may appeal therefrom to the superior court for the

county in which such land . . . is situate . . . and the court shall assess the damages by jury, or by the court without the jury, and award costs to the prevailing party."

It was early held in this jurisdiction that there was no absolute right to trial by jury in eminent domain proceedings and none was conferred by Pt. I, *Art.* 20th of N. H. Constitution. *Petition of Mt. Washington Road Co.*, 35 N. H. 134, 143 (1857).

The contention of the plaintiffs here is that the statutory authority existing at the time of the taking granted the State no right to trial by jury but that only the aggrieved landowner was given such a right by Laws 1954, 1:3 now RSA 233:17.

The defendant concedes that at common law there was no right to trial by jury in eminent domain cases and none was conferred by Pt. I, *Art.* 20th of our Constitution. However it rightly contends that judicial and public policy dictate that where the right of trial by jury does exist the right is bilateral and may be invoked by either party. In 1954 the Legislature saw fit under certain circumstances in land-taking cases to permit the State ". . . the same right of appeal and jury determination of award as is herein provided for aggrieved owners." Laws 1954, 1:1 (now RSA 233:18). We do not read into the statute (RSA 233:17) anything which denies the State the right to jury trial in the case of appeal by the owner. In the denial of the plaintiffs' motion that damages be assessed by the Court we see no error.

The order therefore is

*Exceptions overruled.*

All concurred.