Cheshire
No. 7464

THURSTON v. WILLIAMS

v.

ELISABETH T. BABCOCK

December 30, 1976

*Cheever & Sullivan* and *McLane, Graf, Greene, Raulerson & Middleton* and *Robert A. Wells (Mr. Wells* orally) for the plaintiff.

*Goodnow, Arwe, Ayer & Prigge* and *Eric R. Gardner (Mr. Gardner* orally) for the defendant.

GRIMES, J.   In this appeal from the dismissal of plaintiff's petition for declaratory judgment and injunctive relief the issues involve the rights of plaintiff in a purportedly discontinued highway running through land of defendant and past her property. At a

hearing the Master *(Howard B. Lane, Sr.,* Esq.) made certain findings and recommended that the petition be dismissed because plaintiff had an adequate remedy at law under RSA 234:18-a which authorizes a person who has no access to his land to "petition the selectmen to lay out, subject to gates and bars, a highway located where any previously discontinued highway was located." The Trial Court *(King,* J.) entered a decree in accordance with the report and transferred plaintiff's exceptions.

The road in question, referred to as Carter Hill Road, runs northeasterly from Shedd Hill Road, a public highway in Stoddard in Cheshire County, for about two miles through land owned by defendant to a point near Trout Pond. It there intersects with South Road which leads easterly through defendant's land to the town of Windsor. Carter Hill continues northeasterly partially through defendant's land and partially on the boundary between land of plaintiff and that of the defendant to its intersection with North Road which also leads easterly through defendant's land to the town of Windsor. Carter Hill Road itself continues northeasterly and leads to the town of Washington in Sullivan County. That portion of the road running to Trout Pond is presently well maintained by defendant but North Road, South Road and the rest of Carter Hill Road are no more than woods roads, probably passable only by off-road vehicles and on foot.

The defendant owns about 3,300 acres and the plaintiff owns about 1,200 acres which are contiguous to the disputed road. The master found that plaintiff has no reasonable access to part of his land except over the disputed road.

Carter Hill Road was laid out in 1827 by the town of Stoddard. That part of the road running to the "crotch of the road near the house lately owned by Joseph Monroe" was laid out by courses and distances with the balance being described as "the path now trod to the Windsor Line." Apparently that portion of Carter Hill Road north of North Road never was laid out by the town. The town of Stoddard voted to discontinue three different sections of the road in 1864, 1868, and 1869 respectively, the last being that part from Shedd Hill Road to Trout Pond. That part of the road which lies in the town of Washington was voted discontinued in 1875 and that part lying in Windsor was voted discontinued in 1927. With respect to the three sections in Stoddard, no petition was ever filed with the "court of common pleas" seeking approval of the discontinuance in accordance with C.S. 1853, 58:2 for that part discontinued in 1864 or with the supreme court in accor-

dance with G.S. 1867, ch. LXV for those parts discontinued in 1868 and 1869.

Plaintiff's petition was dismissed for the reason that plaintiff has an adequate remedy at law. RSA 234:18-a. It is generally held that a legal remedy must be certain and obtainable as of right in order to be considered adequate. *Dederick v. North American Co.*, 48 F. Supp. 410 (S.D.N.Y. 1943); 27 Am. Jur. 2d *Equity* § 95 (1966); 30 C.J.S. *Equity* § 25, at 827 (1965). In addition the remedy is incomplete when appeal must be made to another body. *Toledo Traction, Light & Power Co. v. Smith,* 205 F. 643 (N.D. Ohio 1913); 27 Am. Jur. 2d *Equity* § 100 (1966); 30 C.J.S. *Equity* § 25, at 827 (1965). In our opinion plaintiff's remedy under RSA 234:18-a does not meet this standard.

Upon written objection made to the selectmen to a petition under RSA 234:18-a, the petition is deemed to be a petition filed for the layout of a new class IV, V or VI highway in accordance with RSA 234:1 (Supp. 1975). Laying out of highways under RSA 234:1 (Supp. 1975) is a matter within the discretion of the selectmen and generally highways so laid out must be found to be for the public good, *Gurnsey v. Edwards,* 26 N.H. 224 (1853), and they are not, therefore, laid out as a matter of right upon petition. Furthermore, petitioning the selectmen is an administrative remedy requiring appeal to another body and not a judicial remedy. 27 Am. Jur. 2d *Equity* § 95 (1966). Because the remedy is not an adequate and complete remedy at law plaintiff's petition should not have been dismissed for that reason.

Turning to the merits of the case, plaintiff claims that the formal layout of Carter Hill Road by the town in 1827 was solely for the purpose of furnishing town maintenance. He argues that Carter Hill Road had already been established by prescription before the town layout, and therefore it could not be discontinued as a public way without consent of the "court of common pleas." In support of this contention, plaintiff relies upon C.S. 1853, 58:2 which states that "No vote of discontinuance shall be effectual without the consent of the court of common pleas, if such road was not laid out by the selectmen . . . ." An established highway is presumed to exist until discontinued. 2 B. Elliott & W. Elliott, The Law of Roads and Streets § 1172 (4th ed. 1926); 3 P. Nichols, Eminent Domain § 9.33 [2] (3d ed. 1976). Discontinuance is not favored in the law, Annot., 175 A.L.R. 760 (1948), and is a fact that must be proven with clear and satisfactory evidence by the party asserting it. *Davenhall v. Cameron,* 116 N.H. 695, 366 A.2d

499 (1976); 2 B. Elliott & W. Elliott, *supra,* § 1173; *see Cent. Pac. Ry. v. Alameda County,* 284 U.S. 463, 468 (1932).

Although the road was eventually laid out by the selectmen, the argument is that the discontinuance can undo only what the selectmen did and cannot affect the rights of the public to use the road which existed by prescription prior to the layout. There is force in this argument and we are of the opinion that if a highway did in fact exist by prescription the rights of the public to use it could not be taken away except with consent of the court, which was not obtained. C.S. 1853, 58:2; G.S. 1867, LXV:2; *see New London v. Davis,* 73 N.H. 72, 59 A. 369 (1904); *Campton's Petition,* 41 N.H. 197 (1860).

Relying on *Ellis v. Blue Mountain Forest Association,* 69 N.H. 385, 41 A. 856 (1898), defendant argues in reply that even if the road were improperly discontinued, plaintiff cannot collaterally attack the town's action. In *Ellis* the claim, unlike that brought here, was that the discontinuance had been procured by inducement and the attack was aimed at the reason behind the discontinuance. The rule there stated, that an action may not be collaterally attacked in such a manner, does not apply to the claim of plaintiff here which attacks the very power and authority of the town under the statute and does not attack the reason behind the discontinuance. *See Strong v. Company,* 82 N.H. 221, 222, 131 A. 688, 689 (1926).

Although the precise legal status of the road before the town layout is in dispute, it appears beyond question that it had existed for some period of time before 1827. In fact, the 1827 layout itself shows that there were then several houses and a school on part of the road. Nonetheless the master stated that there was "no evidence, however, to show a road prior to 1827 by prescription." This statement was erroneous.

In support of plaintiff's claim that Carter Hill Road was established by prescription, plaintiff produced several maps of the area. One of these maps is a Phillip Carrigain map, a famous historical document, dated 1816. This map which depicts the entire State of New Hampshire shows Carter Hill Road to South Road, South Road and North Road. Plaintiff claims that since trial he has discovered new evidence, part of which shows that Carrigain's map was based on a map made in 1805. In our opinion the inclusion of a road on a map is competent evidence to support the inference of use of the road, thus there is evidence of use since 1805.

In addition, plaintiff produced a deed dated 1809 in which Benjamin Davis, a predecessor in title of plaintiff, conveyed land to Joseph Chapman. The conveyancing language of this deed contains the phrase "and a part of the lot I now live on." A cellar hole identified as that of Benjamin Davis lies on Carter Hill Road. Carter Hill Road is the only apparent access Benjamin Davis had to his property as no maps produced depicting the area at the time show any other roads that would have afforded access. Use of a road may be inferred from cellar holes along a road. *Windham v. Jubinville,* 92 N.H. 102, 25 A.2d 415 (1942). There are several other cellar holes along Carter Hill Road. From this evidence it is permissible to infer that at least as far back as 1809 someone lived on and used Carter Hill Road.

Benjamin Davis obtained his land from James Wilson through a deed dated 1795. Town history reports Benjamin Davis to have lived in the northeast part of town (the Davis cellar hole is in the northeast) most of the time he lived in Stoddard. He was a taxpayer in Stoddard in 1800, died a resident in 1829 and his wife died in 1853. This is some evidence of use of the road since 1795.

This evidence would support a finding of a highway by prescription if one were made. Plaintiff also alleges in his motion for new trial that he has other new evidence in addition to that which is mentioned above. This court will remand a case where it feels that the record is incomplete or where injustice may be avoided thereby. *Rautenberg v. Munnis,* 107 N.H. 446, 224 A.2d 232 (1966). In our opinion, the trial court should have the opportunity to consider plaintiff's additional evidence on the question of prescription of plaintiff's right.

There is no question but that a highway may be established by prescription in this State. To so establish a highway plaintiff must show twenty years adverse, continuous, uninterrupted use. *White Mountain &c. v. Levesque,* 99 N.H. 15, 17, 104 A.2d 525, 526 (1954). Continuity of use is a relative term and is not used in an absolute sense. Intermittent and irregular use may be continuous if not interrupted by assertion of paramount right. *Jean v. Arsenault,* 85 N.H. 72, 153 A. 819 (1931).

Further evidence of plaintiff's right to use the road may be found in reservations in deeds in defendant's chain of title. Defendant purchased the great bulk of her estate from Thomas E. Hanifin. Hanifin's deed to defendant sets forth that he is transferring the premises as conveyed to him as indicated in four

deeds to Hanifin. One deed to Hanifin from Evelyn G. Perkins dated 1941 contains the following reservations:

> "Reserving to the public any and all rights in Rose Lake, formerly known as Trout Pond ... and right of access thereto over said premises.

> "And further reserving any rights of way across that premises which may exist as a means of access to the property of other persons."

A substantial part of the disputed road is encompassed by the Perkins deed. A deed from Public Service Company to Hanifin provided the following reservation:

> "Reserving, however, to the public whatever rights the public may have in and to that portion of the above-mentioned Trout Pond ...."

Such reservations preserve the rights of third parties already acquired. Annot., 88 A.L.R.2d 1199, 1222 (1963); 23 Am. Jur. 2d *Deeds* § 279 (1965); *see Richardson v. Palmer,* 38 N.H. 212 (1859). The natural inference of the second reservation in the Perkins-Hanifin deed is that persons must have been using the road for access to their property or the language reserving their right would be superfluous. In addition, there was testimony that members of the public used the road at various times over the years for hunting and fishing and that while obstructions were placed upon the road it was not sufficiently or consistently barricaded so that the public was denied access. In any event, public right once acquired cannot be lost to an individual by adverse use. *Davenhall v. Cameron,* 116 N.H. 695, 366 A.2d 499 (1976); *Thompson v. Major,* 58 N.H. 242 (1878).

Accordingly, the decision to dismiss plaintiff's petition because of an adequate remedy at law under RSA 234:18-a is reversed and the case is remanded so that the master may receive the new evidence and decide the question whether the road existed by prescription before the 1827 layout.

*Plaintiff's exceptions sustained; remanded.*

GRIFFITH, J., did not sit; the others concurred.