Keene District Court
No. 80-454

CAZMIS KOZERSKI

v.

MYRON J. STEERE, III *& a.*

June 10, 1981

*Cazmis Kozerski*, of Swanzey, by brief pro se.

*Michael P. Bentley*, of Keene, for the defendants, waived brief and oral argument.

PER CURIAM. The issue in this case is whether the defendants, selectmen of Swanzey, improperly refused under New Hampshire law to renew the plaintiff's license to carry a loaded pistol because the plaintiff had a prior felony conviction.

The plaintiff was convicted of a felony in another state in May 1969. After a period of confinement and parole, he was discharged. In June 1976, the plaintiff moved to Swanzey in this State, and in

August 1976 was sworn in as a police officer of the town. He served in that capacity until September 1980, when he was notified that his appointment was revoked.

In September 1976, and again in October 1978, the plaintiff obtained a license to carry a pistol from the town selectmen. In September 1980, he applied to renew the license, but the selectmen denied his application on the basis of "information on the application submitted to us that had not been available to the selectmen previously."

The plaintiff petitioned the Keene District Court pursuant to RSA 159:6-c (Supp. 1979) to determine whether he was entitled to have his license to carry a pistol renewed. After a hearing, the Court (*Davis*, J.) upheld the decision of the selectmen. In doing so, the court made the following findings of fact:

> "1. That . . . the plaintiff's character and conduct in New Hampshire have been exemplary and above reproach; that if it were not for the felony conviction plaintiff would be entitled to a pistol permit.
> 2. The sole ground for refusal of a permit by the Selectmen is [that] 'a felon is not a suitable person to have a pistol permit . . . .' "

The court's stated reasons for its decision were that the court could not substitute its judgment for that of the selectmen, who did not act unreasonably or capriciously; that RSA ch. 159 is so vague that the court could not determine whether anyone convicted of a felony is automatically barred by the statute from obtaining a pistol permit; and that there are no "ground rules" to guide the court in determining whether an individual is entitled to a permit. From that decision of the district court, the plaintiff appealed.

RSA 159:6 (Supp. 1979) provides in relevant part that the selectmen of a town, upon application of any resident of the town, "shall issue a license to such applicant authorizing him to carry a loaded pistol or revolver . . . if it appears that the applicant has good reason to fear injury to his person or property or has any proper purpose, and that he is a suitable person to be licensed." RSA 159:6-c (Supp. 1979) provides that "[a]ny person whose application for a license to carry a loaded pistol or revolver has been denied pursuant to RSA 159:6" may appeal to the district court. That section of the statute also requires the court to conduct a hearing within fourteen days and to issue a decision within fourteen days after the hearing.

We must first consider the standard of review in RSA 159:6-c (Supp. 1979) appeals. Although the district court did not

believe that the statute allows the court to substitute its judgment for that of the selectmen, we think that it does. Unlike many other appeal statutes, *e.g.* RSA 541:13; RSA 31:78 (Supp. 1979), there is no requirement under RSA 159:6-c (Supp. 1979) that any presumption of reasonableness be accorded the decision of the selectmen. It appears to us that the statute contemplates that the district court would hear evidence and make its own determination "whether the petitioner is entitled to a license."

■ We reject the plaintiff's argument that his prior felony conviction cannot be considered by the selectmen or the district court because it occurred outside of this State. The fact that the conviction was in another state does not prevent its use for otherwise proper purposes.

■ We also reject the plaintiff's attempt to invoke the exclusionary rule. The plaintiff was arrested and charged with being a convicted felon in possession of a firearm in violation of RSA 159:3 even though he was exempt as a police officer under RSA 159:5. The charges were dismissed in September 1980 by the district court. The plaintiff alleges that the information regarding his felony conviction came to the selectmen after his arrest under RSA 159:3. We fail to see how this brings into play the exclusionary rule, however, even assuming it applies to an administrative decision. The sheriff's department, obviously, obtained the information in question prior to the allegedly illegal arrest, not as the result of it. The receipt of the information by the selectmen was not the consequence of any illegal conduct on the part of the police, and the exclusionary rule is therefore not applicable to the case before us.

■ We do agree with the plaintiff, however, that RSA 159:6 does not bar the issuance of a license to a convicted felon who otherwise qualifies under the statute as a "suitable person." Nowhere does RSA ch. 159 prohibit a convicted felon from carrying a loaded pistol. Moreover, RSA 159:3 and RSA 159:7 together provide a statutory mechanism by which a convicted felon may own or possess a pistol, provided he first obtains a permit from the selectmen. This, it seems to us, is a clear indication that it was not intended that felons be absolutely barred from owning or possessing pistols and that they may, if otherwise "suitable," obtain a license to carry a loaded one. Although a prior felony conviction may be considered as one factor in determining whether the applicant is a "suitable person to be licensed," it is not an automatic bar.

In the present case, the prior felony conviction did not involve a gun or weapon and was eleven years old at the time the permit was denied. The district court found that the plaintiff's "character and conduct in New Hampshire have been exemplary and above reproach; that if it were not for the felony conviction plaintiff would be entitled to a pistol permit." It appears that the court incorrectly considered the felony conviction to be an automatic bar to the issuance of a license to carry a pistol.

The matter is therefore remanded to the district court for a determination whether, on the basis of all the evidence including the felony conviction, the plaintiff is a "suitable person to be licensed" and, if he is, an order that a license be issued to him.

*Reversed and remanded.*