Hillsborough
No. 81-262

STEVEN K. ALLARD

v.

THOMAS A. POWER, DIRECTOR OF THE
DIVISION OF MOTOR VEHICLES

January 15, 1982

*Emile R. Bussiere P.A.*, of Manchester (*Richard J. Walsh* on the brief and orally), for the plaintiff.

*Gregory H. Smith*, attorney general (*Betsy S. Westgate*, assistant attorney general, on the brief and orally), for the defendant.

### MEMORANDUM OPINION

This appeal raises the question of the superior court's scope of review on an appeal from an administrative determination following a hearing conducted by the division of motor vehicles that results in a loss of operator's license.

On February 8, 1981, a State trooper filed a report with the division of motor vehicles alleging that the plaintiff had unlawfully transported alcoholic beverages while operating a motor vehicle on

a public way. After a May 1981 hearing, the plaintiff's license was suspended, and he appealed to the Hillsborough County Superior Court pursuant to RSA 262:41 (now in RSA 263:76). Following a hearing, the Trial Court (*Dalianis*, J.) issued an order that read: "Appeal dismissed. Decision of Director of Motor Vehicles affirmed." The plaintiff asserts that the hearing in superior court should have been de novo and that the court could have substituted its decision for that of the agency.

■ Any person whose license has been suspended or revoked may appeal to the superior court under RSA 262:41 (now in RSA 263:76). That statute directs the superior court, after hearing, to "determine whether the petitoner is entitled to a license." That exact phrase was before this court in the context of RSA 159:6-c (Supp. 1979). *See Kozerski v. Steere*, 121 N.H. 469, 472, 433 A.2d 1244, 1245 (1981). We there held that in reviewing a denial of a gun license the statute contemplates that the "court would hear evidence and make its own determination. . . . " *Id.*, 433 A.2d at 1245. In *Kozerski*, we noted that no presumption of reasonableness should be accorded to the decision of the selectmen under the gun license appeal statute, unlike RSA 541:13 and RSA 31:78 (Supp. 1979), which contain presumptions of reasonableness. *Id.*, 433 A.2d at 1245. On the other hand, if the legislature desires a full de novo hearing on appeal, it knows how to require it by using those words. *See, e.g.*, RSA 169-B:29 (Supp. 1979) (delinquent children); RSA 282:5 G(3) (unemployment compensation).

■ We hold that a trial court, under the present wording of RSA 262:41 (now in RSA 263:76), may redetermine whether a license should have been suspended. The hearing, however, is not de novo in the sense that it necessitates a full retrial of the administrative hearing evidence. Of course, additional evidence, and any record or tape recording of the administrative hearing, may be presented to the superior court.

■ Unlike a de novo trial, *see State v. Beaupre*, 121 N.H. 1013, 437 A.2d 301 (1981), or a sentence review, *see Bell v. State Super. Ct. Review Div.*, 117 N.H. 474, 374 A.2d 659 (1977), and RSA 651:59 (Supp. 1979), an appeal under RSA 262:41 (now in RSA 263:76) requires the court to determine only the question of "whether the petitioner is entitled to a license." The agency's decision, however, comes before the trial court without a presumption of reasonableness. *But see* RSA 541:13, RSA 31:78 (Supp. 1979).

On the evidence before us, we cannot conclude that the trial judge did not make her own determination as to whether the peti-

tioner was entitled to a license, *see Kozerski v. Steere,* 121 N.H. at 472, 433 A.2d at 1245, and, accordingly, the decision below is

*Affirmed.*