Hillsborough
No. 82-567

## V.S.H. Realty, Inc. & a.

v.

## City of Manchester

July 13, 1983

*Wiggin & Nourie,* of Manchester (*William S. Orcutt* and *Anthony C. Marts* on the brief, and *Mr. Marts* orally), for the plaintiffs.

*Elmer T. Bourque,* city solicitor (*James M. Warren,* attorney, on the brief and orally), for the defendant.

KING, C.J. This case arose from an appeal to the superior court from a decision of the Manchester Board of Mayor and Aldermen to widen Granite Street in Manchester.

In June 1982, the board of mayor and aldermen considered a petition to widen Granite Street. After a hearing on the petition, and an evaluation of the site, the board voted to widen the street and to take approximately fifteen feet of property owned by the plaintiff V.S.H. Realty, Inc.

V.S.H. Realty, Inc., the owner of the premises, and the other plaintiffs, Cumberland Farms Northern, Inc., and Fireline Petroleum, Inc., lessees of the property, appealed the board's decision to the superior court pursuant to RSA 231:34. They contend that the board's decision was erroneous because there was no reasonable occasion and no reasonable necessity for widening Granite Street. When the defendant, the City of Manchester, moved to refer the case to a master for a hearing on the merits, the plaintiffs objected. The Superior Court (*Flynn,* J.) denied the defendant's motion, holding that the plaintiffs were "entitled to a jury trial." Because the statute dealing with appeals from decisions of the board had been modified significantly during a recent recodification of the statute, the court permitted the defendant to bring an interlocutory appeal of its decision, transferring to us the question whether, on appeal to the superior court pursuant to RSA 231:34, an aggrieved person is entitled to a jury trial on the issues of the occasion and necessity of the layout of a street.

The transferred question is composed of two parts: first, whether the plaintiffs are entitled to a jury trial, and second, whether on an appeal pursuant to RSA 231:34, the plaintiff is entitled to a new trial or, as the defendant contends, only to appellate review to determine if the decision of the board was based on fraud, gross mistake, or insufficient evidence.

The plaintiffs appear to concede that they are not entitled to a jury trial. There is no absolute right to a jury trial on the question of necessity in eminent domain proceedings, *cf. Whelton v. State,* 106 N.H. 362, 363, 211 A.2d 409, 410 (1965), and an appeal of a

decision of a board of mayor and aldermen regarding the layout or alteration of a highway is such a proceeding. Nor do the plaintiffs argue that RSA 4:35 or RSA 231:34 provide a statutory right to a jury trial on the question whether there is an occasion and necessity for the layout or alteration of a highway, and we find no such provision for a jury trial on these issues in either of these statutes. Accordingly, we hold that the superior court erred in holding that the plaintiffs were entitled to a jury trial on these issues.

The second part of the transferred question is more difficult. Prior to 1981, RSA chapter 234 contained certain sections describing the procedure to be followed on an appeal from a decision of the board of mayor and aldermen. Specifically, it provided for petitions generally to be referred to the county commissioners, who would report to the court, Laws 1945, 188:1, section 31 of part 5 (former RSA 234:31); for notice of the commissioners' hearing, Laws 1945, 188:1, section 34 of part 5 (former RSA 234:34); for a hearing, Laws 1945, 188:1, section 39 of part 5 (former RSA 234:39); and for the effect of the commissioners' findings, Laws 1945, 188:1, section 39 of part 5 (former RSA 234:39). We had interpreted these sections as entitling the aggrieved party to the equivalent of a new trial before the commissioners, including a finding on the occasion for the laying out of the highway. *Waisman v. Manchester*, 96 N.H. 50, 53, 69 A.2d 871, 873 (1949).

When the chapter was recodified in 1981, the sections providing for the referral of appeals to the county commissioners and the procedures to be followed after referral were eliminated. While the language of the section providing for appeals to the superior court is unchanged, *see* Laws 1945, 188:1, section 24 of part 5 (former RSA 234:24), it is not clear whether in eliminating these sections the legislature intended to abolish the aggrieved party's right to a new trial.

The defendant argues that the elimination of the statutory sections dealing with the referral of an appeal to the county commissioners, and with the procedure to be followed after referral, changed the appeal from a trial de novo to the limited appellate review of whether the decision of the board was based on fraud, gross mistake, or insufficient evidence. We reject this argument. Although the legislature eliminated the referral of appeals to the county commissioners, there is no indication in the statute that the legislature intended to change the right of appeal from a trial de novo to limited review. *See Appeal of Doherty*, 123 N.H. 508, 464 A.2d 1113 (1983).

██ We assume that the legislature intended the scope of review to remain the same because in granting a right of appeal, it

retained the same language that this court had previously interpreted as giving aggrieved parties a new trial. *See State v. Deane*, 101 N.H. 127, 130, 135 A.2d 897, 899 (1957); *Attorney-General v. Hunter*, 92 N.H. 206, 208, 29 A.2d 116, 117 (1942). The legislative history of the recodification does not indicate that the elimination of the sections regarding referral to the county commissioners was intended to change the scope of review of a decision of the board of mayor and aldermen.

For these reasons, we hold that the plaintiffs are entitled to a trial de novo before the superior court on the issues of occasion and necessity.

> *Affirmed in part; reversed in part; remanded.*

All concurred.