Strafford
No. 82-571

### APPEAL OF JEAN F. DOHERTY

July 13, 1983

*John J. Wholey*, of Portsmouth, by brief and orally, for the plaintiff.

*Gregory H. Smith,* attorney general (*James E. Townsend,* assistant attorney general, on the brief and orally), for the State.

*Gallagher, Callahan & Gartrell P.A.,* of Concord (*Edward E. Shumaker, III,* on the brief and orally), for the Riverside Rest Home.

MEMORANDUM OPINION

After complaints concerning the plaintiff were filed with the State Board of Nursing Education and Nurse Registration in 1981, the board began an investigation and ultimately held a hearing, pursuant to section 6 of chapter 402 of the 1979 session laws (current version at RSA 326-B:13 (Supp. 1982)) to determine whether the plaintiff's license as a registered nurse should be revoked. The board concluded that revocation was warranted. Following a rehearing in which the board reaffirmed its decision, the plaintiff appealed to the superior court, pursuant to RSA 326-B:14 (Supp. 1981). That statute provides:

> "Any person who has been refused a license for any cause other than failure to pass the licensing examination shall have the right to a rehearing by the board within thirty days after the original hearing; then within thirty days after the decision not to issue the license on a rehearing, said person *may appeal by petition to the superior court.*"

(Emphasis added.) Unsure of the adequacy of the record of the board's proceedings or of the applicable standard of review, the Superior Court (*Goode,* J.) transferred those two issues to us without ruling.

The statute on its face does not say that judicial review by the superior court will involve a de novo hearing, nor does it outline the scope of review. We recently observed that "if the legislature desires a full de novo hearing on appeal, it knows how to require it by using those words." *Allard v. Power,* 122 N.H. 27, 28, 440 A.2d 450, 451 (1982); *see, e.g.,* RSA 169-B:29 (Supp. 1981) (delinquent children); RSA 331-A:7, V (Supp. 1982) (real estate brokers and salesmen). Absent this express requirement, the appeal is pursuant to the standards in RSA chapter 541 in cases before State departments or officials, when the law so provides, or by a petition for a writ of certiorari in cases not covered by the terms of that statute. *Appeal of Connolly,* 122 N.H. 678, 680, 448 A.2d 422, 423 (1982); *Melton v. Personnel Comm'n,* 119 N.H. 272, 275, 401 A.2d 1060, 1062 (1979). Either of these means of seeking judicial review necessarily implies a narrower scope of judicial inquiry than would be involved in a de

novo hearing. *See V.S.H. Realty, Inc. v. City of Manchester*, 123 N.H. 505, 507, 464 A.2d 1111, 1112 (1983).

The question relating to the adequacy of the record or transcript below involves contested facts that this court cannot adequately determine from the record before it. This matter is therefore left to the trial court for determination in the first instance.

*Remanded.*