Grafton
No. 84-183

### STANLEY W. JACKSON

v.

### FLOYD R. RAY & a.

July 24, 1985

*Ray and Hopkins P.A.*, of Plymouth (*William H. Hopkins* on the brief and orally), for the plaintiff.

*Costello and Bruno P.A.*, of Woodsville (*Kevin R. Bruno* on the brief and orally), for the defendants.

KING, C.J. The plaintiff appeals the denial by the superior court of his petition for an order to compel the defendants, the selectmen of the town of Warren, to lay out approximately .6 miles of private road in the town of Warren. We affirm.

The plaintiff, Stanley W. Jackson, is a developer. In 1977, he purchased an unfinished development located off Beech Hill Road in the town of Warren. The development contained two roads with a total length of .6 miles. Although the plaintiff requested acceptance of these roads by the town, the 1981 town meeting voted to postpone indefinitely considering their acceptance. The same issue was resubmitted to the voters at the 1982 town meeting, and the town voted to refuse to accept the plaintiff's roads.

On July 27, 1982, the plaintiff filed a petition for the lay out of public roads and requested that the selectmen accept the roads in the development on the basis of public need and convenience. The selectmen, by letter of August 4, 1982, refused to accept the roads and based their refusal on the two town meeting votes.

On October 1, 1982, the plaintiff appealed the selectmen's decision to the superior court pursuant to RSA 231:38. A *de novo* hearing was held before a Master (*Thomas M. Pancoast*, Esq.). The master made various findings and recommended the denial of the plaintiff's appeal. The Superior Court (*Johnson*, J.) approved the master's recommendation, and the plaintiff now appeals that superior court order.

During the course of his ownership of the two roads in question, the plaintiff made numerous attempts to ascertain what construction standards the roads had to meet in order to be accepted by the town of Warren. During 1978 through 1980, the plaintiff hired two different contractors to complete construction of the roads. The second contractor, Donald Ford, had the town road agent, Mr. Wright, inspect the roads prior to completion to make sure they were satisfactory to the town. Also, prior to completing the work, on May 27, 1980, selectmen John Rogers, Floyd Ray and Norman Rue inspected the roads. At that time, the selectmen did not express any dissatisfaction with the condition of the roads.

Since their completion in 1980, the roads have remained private, with all maintenance and services being provided by the owners of the lots in the development. Testimony at the hearing before the master established that four to seven people occupy property on the roads, depending upon the season. Two children from the development attend schools in the town of Warren. Four houses have been built in the development, and others are currently under construction.

On appeal the plaintiff objects to the master's decision on the fol-

lowing grounds: (1) the town of Warren is estopped by the conduct of its selectmen from refusing to accept the roads; (2) the New Hampshire constitutional guarantee of equal protection requires the acceptance of the plaintiff's roads; and (3) public necessity and convenience mandate acceptance of the roads.

 The plaintiff's first argument is that the town of Warren is estopped from refusing to accept the roads. In order to find governmental estoppel there must be proof of the following:

> "first, there must have been a representation or concealment of material facts made with knowledge of those facts; second, the party to whom the representation was made must have been ignorant of the truth of the matter; third, the representation must have been made with the intention of inducing the other party to rely upon it; and fourth, the other party must have been induced to rely upon the representation to his or her injury."

*City of Concord v. Tompkins*, 124 N.H. 463, 467–68, 471 A.2d 1152, 1154 (1984).

 The plaintiff argues that the town is estopped because its selectmen induced him to improve his roads by leading him to believe that acceptance would be granted upon completion of the improvements. The master found, however, that the selectmen "did not advise the [plaintiff] that the work performed by . . . the [plaintiff] would result in a lay out of the roads within the subdivision as town roads." "We will not disturb the master's finding unless it is unsupported by the evidence or erroneous as a matter of law." *North Bay Council, Inc. v. Grinnell*, 123 N.H. 321, 325, 461 A.2d 114, 116–17 (1983). Since this finding is supported by the record, the first element of estoppel is not present. We therefore find no error in the master's rejection of the plaintiff's estoppel argument.

The plaintiff's second argument is that the town's refusal to accept the roads denies him equal protection of the laws. We will not address the merits of this argument because it was not raised below. *See Daboul v. Town of Hampton*, 124 N.H. 307, 309, 471 A.2d 1148, 1149 (1983).

Turning to the plaintiff's final argument, we address the issue of public necessity. Following the hearing, the master found "[t]hat public need and convenience do not require and dictate the acceptance of the roads in the petitioner's subdivision." The plaintiff contends that this finding was incorrect.

The master correctly ruled that the proceeding before him was to be treated as an original proceeding. *See Caouette v. Town of New Ipswich*, 125 N.H. 547, 553, 484 A.2d 1106, 1111 (1984) (citing

*V.S.H. Realty, Inc. v. City of Manchester*, 123 N.H. 505, 508, 464 A.2d 1111, 1112 (1983)). He therefore properly conducted the hearing on public necessity as a *de novo* proceeding, which was not limited to the issues of whether the selectmen's refusal to accept the roads constituted fraud or gross mistake. *See id.*

The issue presented to the selectmen by the plaintiff's petition, and then to the superior court by the plaintiff's appeal, was whether there was an "occasion" for the lay out of the plaintiff's roads. This term describes the situations in which the public interest requires acceptance of roads.

Although this standard has been frequently alluded to by this court, the requirements of the standard have never been specifically delineated. *See, e.g., Caouette v. Town of New Ipswich*, 125 N.H. 547, 484 A.2d 1106 (1984); *Williams v. Babcock*, 116 N.H. 819, 368 A.2d 1166 (1976); *Locke Dev. Corp. v. Barnstead*, 115 N.H. 642, 349 A.2d 598 (1975). We have held that "[t]he laying out by selectmen involves a determination of the 'occasion' . . . which from the earliest days has been interpreted to require consideration of 'the public exigency and convenience' and the rights of affected landowners." *Waisman v. Manchester*, 96 N.H. 50, 53, 69 A.2d 871, 873 (1949) (quoting *Dudley v. Cilley*, 5 N.H. 558, 560 (1832)). "Among the factors to be considered are the public need for the highway and the burden the highway will impose on the town." *Locke Dev. Corp. v. Barnstead*, 115 N.H. at 643, 349 A.2d at 599 (citing *Amoskeag Industries v. Manchester*, 93 N.H. 335, 41 A.2d 917 (1945)).

■■ "A court will uphold a decision of the [superior court] regarding necessity if it is supported by some evidence, and if it is not based on fraud or gross mistake." *Brodeur v. City of Claremont*, 121 N.H. 209, 211, 427 A.2d 509, 510 (1981). Thus, "evidence of necessity or of the occasion, as well as findings with respect thereto, are necessary to the proceedings before the [court]." *Waisman v. Manchester*, 96 N.H. at 55, 69 A.2d at 874. We recognize, however, that a finding of public necessity, or a lack of such necessity, is discretionary and we are therefore hesitant to disturb such findings. *See Williams v. Babcock*, 116 N.H. at 821, 368 A.2d at 1168. *Id.* at 823, 368 A.2d at 1170 (citing *Rautenberg v. Munnis*, 107 N.H. 446, 224 A.2d 232 (1966)).

The uncontradicted testimony at the hearing before the master indicated that the town of Warren has 600 to 650 residents and maintains about 17.6 miles of public highway. The Beech Hill Development has four to seven residents and contains .6 miles of road. It is estimated that between zero and fifty vehicles travel the development roads daily.

The master found that, although the town of Warren has not officially adopted any standards for the quality of its public roads, it "attempts to follow State of New Hampshire town road aid guidelines when reconstructing town roads." The master further found that the plaintiff's roads do not presently satisfy these guidelines and that $6,858 to $8,908 would have to be expended to bring the roads into compliance. We cannot say that, as a matter of law, this expense together with the other costs of accepting these roads are so slight relative to the likely public benefit as to require acceptance of these roads.

█ We therefore hold that the master's finding that no public necessity existed to lay out the .6 miles of road in the Beech Hill Development is supported by his findings and the record. We accordingly affirm the trial court's decision to refuse to lay out the proposed roads.

*Affirmed.*

All concurred.