**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0003, <u>Derrick Horton v. Keene Police Department</u>, the court on September 17, 2015, issued the following order:**

Having considered the brief, the memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, Derrick Horton, appeals an order of the Circuit Court (<u>Burke</u>, J.) upholding a decision by the respondent, the Keene Police Department, denying his application for a license to carry a loaded pistol or revolver (license), <u>see</u> RSA 159:6, I(a) (2014), finding that he was not a "suitable person" for the purposes of RSA 159:6-c (2014), <u>see</u> <u>Kozerski v. Steere</u>, 121 N.H. 469, 472 (1981) (stating RSA 159:6 contemplates trial court will make its own determination whether petitioner entitled to license). He contends that: (1) the trial court failed to consider his explanation of his criminal record; (2) the evidence was insufficient to support the finding that he was not a suitable person; and (3) RSA 159:6 (2014) violates the New Hampshire and Federal Constitutions, facially and as applied to him.

We first address the trial court's determination that "the petitioner is not a suitable person to be issued a permit to carry a concealed weapon." When reviewing the trial court's decision, we uphold its factual findings if they are supported by the record and review its application of the law to the facts <u>de</u> <u>novo</u>. <u>DuPont v. Nashua Police Dep't</u>, 167 N.H. ___, ___, 113 A.3d 239, 243 (2015) (addressing license revocation). We defer to the trial court's judgment on such issues as resolving conflicts in the testimony, measuring the credibility of witnesses, and determining the weight to be given evidence. <u>Town of Atkinson v. Malborn Realty Trust</u>, 164 N.H. 62, 66-67 (2012). As the fact finder, the trial court was entitled to accept or reject, in whole or in part, the testimony of any witness or party, and was not required to believe even uncontroverted evidence. <u>Id</u>. at 67.

In order to grant a license pursuant to RSA 159:6, I(a), the fact finder must determine whether the applicant: (1) has either good reason to fear injury to his person or property, or any proper purpose; and (2) is "a suitable person to be licensed." <u>Garand v. Town of Exeter</u>, 159 N.H. 136, 141 (2009). Upon appeal to the trial court, "the burden [is] upon the issuing authority to demonstrate by

clear and convincing proof why any denial . . . was justified." RSA 159:6-c. In this case, the trial court concluded that, in light of his criminal record, the petitioner was not a suitable person to be licensed.

The petitioner argues that the trial court failed to consider his explanation that all of his convictions arose from his exercise of his First Amendment rights and, instead, considered his criminal record "as essentially a de facto, automatic bar to receiving" a license. Cf. Kozerski, 121 N.H. at 472 (stating prior felony conviction may be considered as factor in determining whether applicant is suitable person, but is not an automatic bar to obtaining license). We disagree.

The trial court carefully considered the petitioner's convictions and his explanations for them. The trial court correctly observed that "if the petitioner had a claim, constitutional or otherwise, that his conduct was excusable or otherwise not culpable, the time and place for the exercise of that position would have been through a [criminal] trial." It then considered the nature of the petitioner's crimes, stating that he "repeatedly plac[ed] himself in situations where the authority of the police [was] challenged" and that he chose to challenge police in ways "that led almost ineluctably to physical confrontations with the police." We conclude that the trial court did not consider the petitioner's criminal record as an automatic bar to his receiving a license. Cf. id. Accordingly, we reject the petitioner's argument that he was "denied his Second Amendment right because of his exercise of his First Amendment rights."

We next address the sufficiency of the evidence. We review such claims as a matter of law and uphold the trial court's findings and rulings unless they are lacking in evidentiary support or tainted by error of law. In re Estate of Couture, 166 N.H. 101, 113 (2014), cert. denied, 135 S. Ct. 411 (2014). We accord considerable weight to the trial court's judgments on the credibility of witnesses and the weight to be given testimony. Id. We view the evidence in the light most favorable to the respondent. Id.

Although he has not provided a copy of his criminal record on appeal, the petitioner does not contest that he has a lengthy criminal record of misdemeanors, including resisting arrest, obstructing government administration, and disobeying an officer. The trial court record demonstrates that, on at least two occasions, he engaged in a "scuffle" or a "tussle" on the ground with an officer. It also supports the trial court's findings that his convictions "involve resistance to law enforcement authorities in the proper exercise of their authority" and that "he is committed to acting in similar fashion in the future."

The petitioner argues that there was no evidence that he has: (1) been convicted of a felony; (2) "demonstrated any unsafe or improper use of a firearm"; or (3) been violent with the police. However, the evidence establishes that he

engaged physically with police on at least two occasions.  The petitioner argues that he was not convicted of assault on an officer.  However, we do not find this controlling.  Furthermore, the petitioner does not cite, nor are we aware of, any authority that a license may be denied only when the petitioner has been convicted of a felony, has improperly handled a firearm, or has been violent.  The petitioner argues that he has a legitimate concern for his own safety.  However, this alone does not entitle him to a license.  See Garand, 159 N.H. at 141.  Accordingly, we conclude that the trial court's determination that the petitioner is not a suitable person to receive a license is supported by the evidence and not legally erroneous.

We next turn to the petitioner's argument that RSA 159:6 is unconstitutional.  It is a long-standing rule that parties may not have judicial review of issues they did not raise in the trial court.  Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004).  The record does not show that the petitioner challenged the constitutionality of RSA 159:6 before the trial court.  Accordingly, we decline to address this argument upon appeal.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.


**Eileen Fox,**
**Clerk**

3